STATE OF NORTH CAROLINA v. STEVEN DOUGLAS BENTLEY.

(Filed 12 June 1968.)

1. **Criminal Law § 76—**

    Findings of fact by the trial court upon the *voir dire* as to the voluntariness of defendant's statements are conclusive on appeal if supported by competent evidence; whether such facts support the conclusions of the court as to voluntariness is a question of law reviewable on appeal.

2. **Same; Criminal Law § 162—**

    Defendant's contention that he was prejudiced in that the jury was permitted to view a police waiver form signed by him acknowledging that he was advised of his rights is not considered by the Court of Ap-

peals, the record not indicating that the jury was given the document and defendant failing properly to present the question by objection and exception duly entered in the record.

**3. Criminal Law § 97—**

There is no abuse of discretion where the trial judge, prior to arguments of counsel to the jury, permits the State to recall a witness for the purpose of introducing additional evidence.

**4. Criminal Law § 102—**

In a prosecution for uttering a forged check, a remark by the solicitor in his argument to the jury that "the defendant was out there robbing" the prosecuting witness *is held* a mere *lapsus linguæ* and is not, under the facts of the case, so grossly unfair as to mislead and prejudice the jury.

**5. Constitutional Law § 32; Criminal Law § 21—**

The failure to grant defendant's request for counsel at his preliminary hearing did not deprive him of any constitutional right.

APPEAL by defendant from *Snepp, J.,* at 23 October 1967, Schedule "C" Criminal Session of MECKLENBURG.

This is a criminal action prosecuted on two separate bills of indictment charging the defendant with (1) felonious breaking and entering of the premises of Carolox Company, Inc., and the felonious larceny of certain property from the premises, etc.; and (2) uttering a forged instrument drawn on the Carolox Company, Inc., Davidson Road, Davidson, North Carolina, made payable to Jerry F. Abernathy in the sum of $48.15.

The defendant, through his court-appointed counsel, entered pleas of not guilty to both bills of indictment and the trial proceeded before a jury.

The facts necessary for a determination of this case are: The Carolox Company, Inc., a manufacturer of heavy machine tools and electronic equipment, located on Griffith Street in Davidson, North Carolina, was broken into on the night of 23 May 1967. When the building was opened the following morning, personnel in charge found that there were certain items missing from the business office. Among the missing items was approximately $15.00 in cash that had been kept in a lock box. Also missing were 412 unsigned payroll checks and 423 general account checks drawn on the account of the Carolox Company, Inc. Approximately three months later, on 4 August 1967, a check identified as one of the missing payroll checks was negotiated by the defendant to Mr. Carl S. Mundy, who owned and operated a retail grocery business in Mecklenburg County. At the time this check was negotiated, it bore the signatures of Mr. G. S. Beard and Mr. Harold T. Cavanaugh, neither of whom are employees of the Carolox Company,

Inc. The check was made payable to Jerry F. Abernathy and endorsed in his name by the defendant.

At the conclusion of the evidence for the State the court granted defendant's motion of nonsuit on the charges of felonious breaking and entering and larceny, but denied the motion as to uttering a forged instrument. Defendant was subsequently found guilty by the jury of uttering a forged instrument. He was sentenced to imprisonment under the jurisdiction of the State Department of Corrections for not less than five nor more than seven years.

From the judgment entered, defendant appealed.

*T. W. Bruton, Attorney General by Bernard A. Harrell, Assistant Attorney General, for the State.*
*Don Davis for defendant appellant.*

MORRIS, J.   Defendant assigns as error the court's ruling that his out-of-court statements to police officers at the police station were voluntarily made.

The record discloses that when the State attempted to introduce a standard police waiver form signed by the defendant acknowledging that he had been properly advised of his constitutional rights before interrogation, objection was made by defendant's counsel. Counsel then requested that the voluntariness of defendant's statements be determined on *voir dire*. The trial judge excused the jury and heard evidence bearing directly on the question of whether the defendant's statements to the police were voluntary. At the conclusion of this evidence he found the following facts: That defendant had been fully advised of his constitutional rights; that statements made to the police were freely and voluntarily made after he had been warned of his rights to remain silent, the fact that any statement might be used against him, his right to counsel and that the State would appoint counsel if he could not afford one, and of his right to discontinue giving information at any point without presence of counsel.

The findings of fact by the trial court upon the *voir dire* as to the voluntariness of defendant's statements are conclusive on review if supported by competent evidence. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453. Whether such facts support the conclusions of the court as to voluntariness is a question of law reviewable on appeal. *State v. Fuqua,* 269 N.C. 223, 152 S.E. 2d 68. The trial court properly excused the jury and heard evidence on *voir dire* as to whether defendant's statements were voluntary, giving defendant opportunity to testify and offer evidence. We have carefully reviewed the

testimony taken on *voir dire* and find that there was ample compe-
tent evidence to support the findings of fact made by the trial judge
and we further find that these findings of fact support the conclu-
sion of the court that defendant's statements were voluntarily made.

Defendant contends that the jury was permitted to view the
waiver form and that this was prejudicial error. There is nothing
in the record to indicate that the jury was handed this document.
No objection or exception was made. This Court will not consider
questions not properly presented by objection in the record and ex-
ceptions duly entered. This assignment of error is overruled.

Defendant's assignment of error no. 2 is taken to the action of
the trial judge in allowing the State to recall Sergeant Lewis E.
Robinson of the Mecklenburg County Police Department to give
additional evidence after he had previously testified. Defendant con-
tends that this action was so highly irregular and prejudicial to him
as to require a new trial.

This Court stated in *State v. Brown,* 1 N.C. App. 145, 160 S.E.
2d 508, that the trial judge has wide discretionary power with re-
spect to the introduction of further evidence at the trial. In *Brown,*
*supra,* the question involved the introduction of additional evidence
after both the State and the defendant had concluded their arguments
to the jury. There, we held the trial judge acted within the limits of
his discretion in allowing the evidence to be introduced. We see no
abuse of discretion in the instant case wherein the trial judge before
arguments of counsel to the jury, permitted the recalling of the same
witness.

Defendant's assignment of error no. 3 is taken to the argument
of the solicitor to the jury when he said, "The defendant Bentley
was out there robbing Mr. Mundy . . ."

> "Arguments to a jury should be fair and based on the evidence
> or on that which may be properly inferred from the case. This
> is said in 88 C.J.S. Trial § 169, at 337-38: 'However, the liberty
> of argument must not degenerate into license, and the trial
> judge should not permit counsel in his argument to indulge in
> vulgarities; he should, therefore, refrain from abusive, vituper-
> ative, and opprobrious language, or from indulging in invectives,
> or from making any statements or reflections which have no
> place in argument but are only calculated to cause prejudice.'"
> *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335.

We feel, however, that under the facts of this case the remark
by the solicitor in his argument as above quoted was not so grossly
unfair as to mislead and prejudice the jury. The general tenor of the

trial reflects that this was merely a "slip of the tongue" and not such unfairness as to warrant a new trial.

Defendant assigns as error the failure of the court to appoint counsel to represent him at his preliminary hearing.

Parker, C.J., in an exhaustive opinion, held in the case of *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, that a preliminary hearing is not prerequisite to the finding of an indictment in this State nor a critical stage of the proceeding, and a defendant may waive the hearing and consent to be bound over to the superior court to await grand jury action without forfeiting any defense or right available to him; therefore, the denial of defendant's request for counsel at the hearing does not deprive defendant of any constitutional right. We cannot see how the facts of this case come outside the rule set out in *Gasque, supra.* This assignment of error is overruled.

All other assignments of error have been carefully considered and are overruled. The evidence offered by the State is amply sufficient to support the verdict. In the trial below we find

No error.

CAMPBELL and BRITT, JJ., concur.