STATE OF NORTH CAROLINA v. WALTER WEAVER

No. 6815SC457

(Filed 15 January 1969)

**1. Criminal Law § 86— impeachment of defendant's credibility — prior offenses**

When defendant voluntarily becomes a witness in his own behalf, he is subject to cross-examination and impeachment as any other witness, and it is proper for the solicitor to ask him questions concerning his prior criminal record for purpose of impeaching him, provided the questions are based on information and are asked in good. faith. G.S. 8-54.

**2. Criminal Law § 86— impeachment of defendant — conclusiveness of defendant's answers**

When defendant denies impeaching questions as to his prior criminal record, his answers are conclusive in the sense that they cannot be rebutted by other evidence, but the solicitor is not precluded from rephrasing his questions to include such details as the docket number of the case, the name of the court, the date of trial, the offense charged, and the sentence imposed.

**3. Criminal Law § 86— impeachment of defendant — prior conviction which was set aside**

While it was improper for the solicitor to cross-examine defendant con-

cerning a conviction for felonious assault when this conviction had been subsequently set aside and on retrial defendant had been convicted only of simple assault — if the solicitor knew such was the case — defendant was hardly prejudiced when he had admitted convictions for a large number of different criminal offenses committed over a long period of years.

**4. Criminal Law § 163——    exceptions to charge — recapitulating the evidence**

Objections to the charge in stating the contentions of the parties or in recapitulating the evidence must be called to the court's attention in apt time to afford opportunity for correction in order that an exception thereto will be considered on appeal.

APPEAL by defendant from *Beal, J.,* June 1968 Criminal Session of ALAMANCE Superior Court.

Defendant was tried on his pleas of not guilty to four bills of indictment charging him with forgery of four checks, each of which purported to bear the signature of J. A. Walker as drawer and were made payable to one Roy Groce. At the trial J. A. Walker testified for the State that he had not signed or authorized anyone else to sign his name to any of the four checks which purported to bear his signature. Roy Groce testified that the defendant had signed all of the checks in his presence and had given them to him to apply on salary which defendant had agreed to pay to Groce for services in selling liquor for defendant. Groce further testified that he was unable to read or write anything except his own name, that he did not know that J. A. Walker's name was on the checks, and that defendant had accompanied him when he went to the stores to cash two of the checks. Groce's testimony was corroborated by the testimony of a police officer of prior consistent statements; by his sister's testimony that Groce could not read or write and that defendant had accompanied Groce and his sister when some of the checks were cashed; by a school teacher's testimony that Groce was academically slow and received social promotions; and by testimony of a friend that Groce had told him that one of the checks was a salary check.

The defendant introduced into evidence the results of a handwriting analysis made by the SBI, which reported some similarities but many variations and differences between the writing on the checks and handwriting of the defendant. Defendant also testified and denied that he had signed the checks or given them to Groce.

The jury found defendant guilty as charged in each bill of indictment. Judgments were entered in two of the cases imposing active prison sentences and prayer for judgment was continued in the other two cases. Defendant appealed, assigning errors.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*W. R. Dalton, Jr., for defendant appellant.*

PARKER, J.

Appellant's first assignment of error, based on his exceptions Nos. 1 through 8, relates to the court's overruling his objections to certain questions asked him on cross-examination by the solicitor. The defendant had taken the stand and had testified in complete contradiction to the testimony given by the State's witnesses. For purposes of impeaching his credibility the solicitor cross-examined him as to his prior criminal record. Defendant admitted convictions for a large number of different criminal offenses committed over a long period of years. However, he denied convictions of certain other offenses, and the solicitor then rephrased the questions to include such details as the docket number of the case, the name of the court, the date of the trial, the offense charged, and the sentence imposed. Defendant's objections to these rephrased questions were overruled.

[1, 2]   The defendant voluntarily became a witness in his own behalf and, therefore, was subject to cross-examination and impeachment as any other witness. G.S. 8-54; Stansbury, N. C. Evidence 2d, § 108. It was proper for the solicitor to ask him questions concerning his prior criminal record for purposes of impeaching him, provided the questions were based on information and were asked in good faith. *State v. Heard,* 262 N.C. 599, 138 S.E. 2d 243; 2 Strong, N. C. Index 2d, Criminal Law, § 86, p. 607. When defendant denied certain of the impeaching questions, his answers were conclusive in the sense that they could not be rebutted by other evidence, but this did not preclude the solicitor from pressing his cross-examination of the defendant by rephrasing his questions so as to make them more specific. The defendant was an evasive witness. The rephrased questions merely pinpointed with greater particularity the exact offenses which the solicitor was inquiring about and did not amount, as appellant contends, to an attempt to introduce in the guise of a question secondary evidence of the court records. With a criminal record as long as that which defendant freely admitted having it is little wonder that it was necessary to refresh his memory by giving specifics as to some of his convictions. It should be noted that as a result of four of the eight questions objected to the solicitor succeeded in getting from the defendant outright or implied admissions of guilt. There was no error in overruling defendant's objections to the form of the solicitor's questions.

[3] Appellant's second assignment of error, based on his exception No. 9, relates to the court's overruling his objection to the solicitor asking defendant concerning a conviction for felonious assault when this conviction had been subsequently set aside and on retrial the defendant had been convicted only of simple assault. See *State v. Weaver*, 264 N.C. 681, 142 S.E. 2d 633. While is was improper for the solicitor to ask concerning a conviction later set aside if he knew such was the case, it could hardly have been prejudicial to defendant in this case. The addition of one more conviction to the long list already before the jury could not have had any appreciable effect and could not have constituted any real prejudice to the defendant. As stated by Parker, C.J., speaking for our Supreme Court in *State v. Temple*, 269 N.C. 57, 66, 152 S.E. 2d 206:

> "It is thoroughly established in our decisions that the admission of evidence which is not prejudicial to a defendant does not entitle him to a new trial. To warrant a new trial it should be made to appear by defendant that the admission of the evidence complained of was material and prejudicial to defendant's rights and that a different result would have likely ensued if the evidence had been excluded. *S. v. King*, 225 N.C. 236, 34 S.E. 2d 3; 1 Strong's N. C. Index, Appeal and Error, §§ 40 and 41."

[4] Appellant's remaining assignments of error, Nos. 3 through 20, all relate to the manner in which the trial judge recapitulated or failed to recapitulate the evidence in his charge. There was no objection that the judge failed to comply with the provisions of G.S. 1-180. Rather, appellant's contention is that in the judge's charge there was an imbalance and unequal array of the evidence for the State as compared with the evidence favorable to the defendant. We have read the entire charge carefully and compared it with the transcript of the entire evidence which was submitted to the jury. While the judge may have summarized the import of the evidence in a manner different from that which defendant might have preferred, the charge considered as a whole did, in our opinion, fairly recapitulate the evidence. The defendant made no objection at the trial to the judge's manner of recapitulating the evidence and made no suggestion or request for any other or additional statements in the charge, although he was given an opportunity to do so. "The general rule is that objections to the charge in stating the contentions of the parties or in recapitulating the evidence must be called to the court's attention in apt time to afford opportunity for correction, in order that an exception thereto will be considered on appeal." 3 Strong, N. C. Index 2d, Criminal Law, § 163, pp. 119-120.

This was not a complicated case, though the evidence was in sharp conflict as to defendant's guilt. It was for the jury to decide and by their verdict they have resolved the conflicts in the evidence against the contentions of the defendant. At his trial and on this appeal the defendant's court-appointed counsel has ably and diligently represented him. The entire record discloses defendant has had a fair trial free from prejudicial error.

No error.

BROCK and BRITT, JJ., concur.