STATE OF NORTH CAROLINA v. LEWIS CLARK PITTMAN, JR.

No. 7118SC104

(Filed 24 February 1971)

1. Burglary and Unlawful Breakings § 5; Criminal Law § 60— felonious breaking case — defendant's fingerprints at crime scene — sufficiency of evidence

In a prosecution charging defendant with the felonious breaking and entering of an automobile supply store, the State's evidence that on the morning following the break-in the defendant's fingerprints were found on a piece of glass that had been broken from a pane on an overhead sliding door, that the defendant had never worked on the premises, and that the position of the pane on the door was such that it would not have been ordinarily touched by the general public, *held* sufficient to be submitted to the jury on the issue of defendant's guilt.

2. Criminal Law § 34— guilt of other crimes — fingerprint evidence at previous break-in

In a prosecution charging defendant with the felonious breaking and entering of an automobile supply store, it was prejudicial error to admit testimony that the defendant's fingerprints were found at the scene of a break-in at a camera shop one and one-half months prior to the instant offense.

APPEAL by defendant from *Collier, Superior Court Judge,* 10 September 1970 Session GUILFORD Superior Court.

Defendant was charged in a 3-count bill of indictment, proper in form, with the offenses of felonious breaking or entering, felonious larceny, and feloniously receiving stolen goods. The case was tried upon the first and second counts.

Evidence for the State tended to show that the premises of Western Auto Supply Co., 300 North Elm Street, were broken into and entered during the night of 6 August 1970, or early morning hours of 7 August 1970, and property of a value of $1,277.47 stolen therefrom. State's evidence further tended to show that defendant's fingerprint was found on a piece of glass which was broken from a sliding door to the service department. The pane of glass which was broken was approximately 22 inches by 32 inches in size and was located in the lower left-hand corner of the sliding door. The sliding door is a typical garage overhead type door, which slides up and over the working area. When open the door is suspended parallel with the ground above the working area. When the door is closed, the panel from which the glass was broken is situated 4—6 inches from the floor; and when the door is open, the panel from which the glass was broken is situated approximately ten feet above the floor.

The only evidence which tended to connect defendant with the breaking or with the stolen merchandise was defendant's fingerprint on a piece of the glass which was broken from the pane of the sliding door, small spots of blood found on pieces of glass in the building, and a fresh cut on defendant's thumb at the time of his arrest on 9 August 1970.

The State was permitted, over objection of defendant, to offer evidence that defendant's fingerprints were found at the scene of a break-in of the Carolina Camera Center on 22 June 1970.

The case was submitted to the jury upon the first count (felonious breaking or entering) and second count (felonious larceny); the jury found defendant guilty on each of the two counts. Upon defendant's motion, the trial judge set aside the verdict on the second count (felonious larceny); and thereafter imposed a sentence of seven to ten years on the verdict of guilty on the first count (felonious breaking or entering). Defendant appealed.

---

---

*Attorney General Morgan by Deputy Attorney General Moody for the State.*

*Eighteenth Judicial District Assistant Public Defender Douglas for defendant.*

BROCK, Judge.

[1]   Defendant assigns as error the denial of his motion for nonsuit. Defendant argues that to withstand motion for nonsuit the evidence must disclose not only that the fingerprints were found at the place where the crime was committed, but also the fingerprints must be shown to have been left only at the time of the crime's commission. Defendant cites *State v. Minton*, 228 N.C. 518, 46 S.E. 2d 296, in support of this argument.

In *Minton* the State's evidence disclosed that the premises of Coastal Lunch were broken or entered by breaking out the glass which made up the top half of the front door. State's evidence further disclosed that blood was found upon the jagged edge of a piece of broken glass left sticking in the molding of the upper half of the door, and that a print of the left thumb of defendant was found upon a piece of the glass broken from the upper half of the door. State's evidence disclosed that defendant had been a customer of Coastal Lunch on the evening of the break-in and had consumed four or five beers. State's evidence showed that when defendant was arrested the next morning he had fresh cuts in the palm of his right hand which he explained had been cut by his razor blade while trimming leather for making billfolds.

In *Minton* the Supreme Court was concerned that the fingerprint on the glass of the front door of Coastal Lunch was as likely to have been made while entering as a customer as it was to have been made at the time the offense was committed. The Court was also concerned that the State's evidence itself gave the reasonable explanation of defendant about the cuts on his hand. In its opinion the Court observed: "There is not a scintilla of evidence to negative the reasonable assumption that the left thumb print of the accused was put upon the glass when he entered the shop during business hours on the night in question for the lawful purpose of buying beer in response to the implied invitation extended to the public by the operator of the Coastal Lunch."

In the case before us the defendant's fingerprints were not found on a door used by the general public as invitees of Western Auto Supply Company. The evidence disclosed that defendant had never worked at the premises, therefore there is no reasonable assumption that his fingerprints were impressed on the glass while raising or lowering the door in the course of his employment. Also, there is no reasonable assumption that a member of the general public would have had occasion to squat or bend down to impress his prints on the glass while the door was in a closed position, nor is there a reasonable assumption that a member of the general public would have had occasion to climb or jump up to a height of ten feet to impress his prints on the glass while the door was in an open position. Obviously *Minton* is clearly distinguishable from the present case.

The evidence was sufficient to withstand the motion for nonsuit and there was no error in the trial judge's denial of defendant's motion for nonsuit.

[2] Defendant assigns as error that the State was allowed to offer evidence that defendant's fingerprints were found at the scene of a break-in of Carolina Camera Center about one and one-half months before the date of the alleged offense in this case.

The general rule excluding evidence of the commission of other offenses by the accused is subject to well established exceptions. The rule and the exceptions are fully discussed in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364. See also 29 Am. Jur. 2d, Evidence, §§ 320-333, pp. 366-380, and Annot. 42 A.L.R. 2d 854. Defendant cites *McClain* as authority that under the general exclusionary rule the evidence should not have been admitted; and the State cites *McClain* as authority that the evidence was properly admitted under one or more of the exceptions to the general rule.

The State's evidence offered in this case concerning the break-in of Carolina Camera Center revealed that the glass was broken from the show window immediately to the left of and adjacent to the front door, and that defendant's fingerprints were found on a piece of the broken glass. Nothing further was shown to connect defendant with an offense of breaking or entering the premises of the Carolina Camera Center.

Cf. *State v. Minton, supra.* We fail to see how this bit of evidence can serve the purpose of any of the exceptions to the general exclusionary rule. We hold, therefore, that it was prejudicial error to admit the evidence that defendant's fingerprints were found at the scene of a break-in of Carolina Camera Center. Consequently we hold that defendant is entitled to a new trial.

We have examined defendant's remaining assignments of error and find them to be without merit.

New trial.

Judges MORRIS and VAUGHN concur.