STATE OF NORTH CAROLINA v. JEROME PHILLIPS

No. 723SC74

(Filed 28 June 1972)

1. **Criminal Law § 42— identification of items admitted in evidence**

   In this prosecution for breaking and entering a store and larceny of property therefrom, a television set and vacuum cleaner allegedly stolen from the store and a toaster found on the floor of the store were sufficiently identified for admission in evidence, where an employee of the store identified all three items as belonging to the store, identified the television set on *voir dire* by model number, and stated that the store still had the box for the vacuum cleaner, a deputy sheriff identified the television by comparing its serial number with the number on a bill of sale to the store, and testified that he saw the vacuum cleaner box and stated its model number, and the toaster did not leave the premises of the store.

2. **Criminal Law § 75— exculpatory statement — absence of written waiver of counsel**

   In a prosecution for breaking and entering a store and larceny of property therefrom, defendant's statement to a deputy sheriff that he had never been in the store was an exculpatory statement, not an admission, and testimony of the statement was properly admitted even though defendant had not executed a written waiver of counsel as required by former statute.

3. **Burglary and Unlawful Breakings § 5; Criminal Law § 60; Larceny § 7— sufficiency of fingerprint evidence**

In this prosecution for breaking and entering a store and larceny of property therefrom, evidence that defendant's fingerprints were found on a toaster which had been in a showcase the previous day and which was on the floor of the store after the break-in *is held* sufficient to take the case to the jury, where there was evidence that defendant walked by the store on two occasions the afternoon before the break-in but did not enter the store, a window of the store was broken and there was blood about the premises, one of the fingerprints found on the toaster was made in blood, and there was no evidence to explain a cut on defendant's hand.

APPEAL by defendant from *Rouse, Judge,* at the August 1971 Criminal Session of PITT Superior Court.

Defendant was tried on a bill of indictment charging him with felonious breaking and entering and felonious larceny.

At the trial the State introduced evidence which tended to show the following:

On 17 March 1971 Jerome Flemming was an employee of City Electric Company, an appliance store, in Ayden, North Carolina. When he reported for work on the morning of 17 March, he found that a window at the store had been broken and there was blood about the premises.

An examination of the interior of the store revealed that a television and a vacuum cleaner were missing from the front of the store. A toaster, which had been in the showcase the previous day, was found on the floor with blood on it. An identification expert from the City-County Bureau of Identification was called to examine the toaster. The expert took latent fingerprints from the toaster, and they were identical with defendant's fingerprints. One of the fingerprints taken was in blood.

There was testimony that defendant had walked past the store twice on the day prior to the break-in and glanced in the window. No one saw the defendant enter the store at that time.

There was also testimony by a police officer that defendant stated after his arrest that he had never been in the City Electric Company.

On the date he made this statement, 17 March 1971, defendant was observed to have a cut about $\frac{1}{4}$ inch long on his right hand.

The television and the vacuum cleaner were later recovered from the residence of one Jones.

The jury returned a verdict of guilty on the charge of felonious breaking and entering and a verdict of not guilty on the charge of felonious larceny.

Judgment was entered on the verdict imposing a prison sentence.

From the verdict and judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Rafford E. Jones for the State.*

*Owens and Browning by Robert R. Browning for defendant appellant.*

CAMPBELL, Judge.

[1]   Defendant first assigns as error the introduction into evidence of the television and vacuum cleaner alleged to have been taken from the City Electric Co. and the toaster found on the floor of the store. Defendant concedes that these items were relevant and material, but it is contended that they were not properly identified and therefore should not have been admitted into evidence.

The witness Flemming, an employee of the store, identified the television, the vacuum cleaner and the toaster as belonging to the City Electric Co. He testified that they had the box for the vacuum cleaner. On voir dire he also identified the television by model number. The witness Martin, a deputy sheriff, identified the television by comparing its serial number with the number he had copied from the bill of sale to City Electric Co. He also testified that he saw the vacuum cleaner box and stated its model number. It is noted that the toaster in question did not leave the premises of the store.

We are of the opinion that the items introduced into evidence were properly identified. Furthermore, the defendant was acquitted of the charge of felonious larceny and could not

have been prejudiced by the introduction of items alleged to have been stolen from the store. While the toaster was used in proving the charge of felonious breaking and entering, it never left the premises and has been properly identified. This assignment of error is overruled.

[2]   Defendant's next assignment of error is to the admission of defendant's statement to Deputy Martin that he (defendant) had never been in the City Electric Co. in Ayden. Defendant contends that he was an indigent and that any statement made by him while in custody was inadmissible unless he had executed written waiver of counsel. Defendant relies on the case   of *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971).

The *Lynch* case is clearly distinguishable from the case at hand. *Lynch* forbids introduction of admissions made during in-custody interrogation when there has been no written waiver of counsel. In this case the defendant told the deputy that he had never been in the City Electric Co. store. This is not an admission; it is a denial. It is an exculpatory statement. " 'Exculpatory statements, denying guilt, cannot be confessions. This ought to be plain enough, if legal terms are to have any meaning and if the spirit of the general principle is to be obeyed. This necessary limitation of the term "confession" is generally conceded.' III Wigmore on Evidence, 240." *State v. Butler*, 269 N.C. 483, 153 S.E. 2d 70 (1967). A denial of guilt or a claim of innocence is not a confession of guilt and exculpatory statements are not within the common law and statutory rules relating to confessions. 23 C.J.S. Criminal Law, § 816(b).

In this case the defendant's statement was a denial, not an admission, and its introduction into evidence was not controlled by the rules relating to confessions. It was proper to allow the deputy to testify to the statement made by defendant. This assignment of error is overruled.

[3]   Defendant's final assignment of error is to the denial of his motion for nonsuit at the close of the State's evidence. Defendant contends that the evidence placing him inside of the City Electric Co. consisted of the fingerprints found on the toaster. It is argued that the toaster was readily available to any person entering the building and that the fingerprints found on the toaster, standing alone, should have no probative force and therefore there was insufficient evidence to be sub-

mitted to the jury. The defendant relies upon the case of *State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296 (1948).

In the *Minton* case, defendant's fingerprints were found on a piece of glass which was broken out of the door through which entry had been obtained to an establishment called the Coastal Lunch. The piece of glass was from a pane located near the doorknob of the front door of the Coastal Lunch. The front door was used by customers of the Coastal Lunch and defendant had entered the premises as a customer earlier during the evening of the break-in.

In *Minton,* the Supreme Court was concerned that the fingerprints in question could have been made when defendant entered the Coastal Lunch as a customer and there was also an explanation for cuts found on defendant's hand. *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198 (1971).

In the case before us there is testimony that defendant walked by the store on two occasions the afternoon before the break-in, but he did not enter the store on these occasions. The toaster from which the fingerprints were taken was found on the floor after the break-in. One of the fingerprints found on the toaster was made in blood. There was no evidence to explain the cut on defendant's hand. The *Minton* case is clearly distinguishable from the case before us.

The circumstances under which defendant's fingerprints were found lead us to the conclusion that the defendant's fingerprints could have been impressed only at the time the crime was committed, and this is sufficient to support a conviction. *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969). There is competent evidence to support the allegations in the indictment, and a motion for nonsuit was properly denied. *State v. Reid,* 230 N.C. 561, 53 S.E. 2d 849 (1949).

In this trial we find,

No error.

Chief Judge MALLARD and Judge BROCK concur.