STATE OF NORTH CAROLINA v. KENNETH ALLEN STEWART

No. 7210SC612

(Filed 25 October 1972)

1. **Criminal Law § 97— recall of witnesses**
   The trial court did not abuse its discretion in allowing the State to recall witnesses.

2. **Criminal Law § 60— breaking and entering — fingerprint evidence — sufficiency of evidence to withstand nonsuit**
   State's evidence was sufficient to withstand nonsuit in a prosecution for breaking and entering and larceny though the only evidence linking defendant with the crime was fingerprint evidence, since evidence given by a qualified fingerprint expert of fingerprints corresponding to those of an accused found at a place where the crime was committed under such circumstances that they could have been impressed only at the time the offense was committed is sufficient to withstand nonsuit.

3. **Criminal Law § 113— jury instructions supported by evidence**
   The trial judge's charge to the jury was proper where it was supported by the evidence.

   Judge BROCK concurring in result.

APPEAL by defendant from *Godwin, Judge,* 31 January 1972 Session of Superior Court held in WAKE County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the felonies of breaking and entering, larceny, and receiving.

The evidence for the State, briefly summarized, is that on the night of 16 September 1971 or the early morning hours of 17 September 1971, the place of business owned and operated by Raleigh Loan Office, Inc., a corporation, located at 223

South Wilmington Street in Raleigh was broken and entered through a window on the second floor, and over twelve hundred dollars worth of merchandise was removed therefrom. Police Officer Dunbar arrived at the scene at 3:11 a.m. He found a "satchel laying on the sidewalk and also a satchel in the second store window at 223 South Wilmington Street." In these satchels there were several pistols, several cameras, and other items which had been stolen and removed from the place of business of Raleigh Loan Office, Inc. The defendant's fingerprints were found on one of the pistols, on the outside plastic cover of a flash unit, and on an empty ring box recovered from the two satchels. The State's witness Golden testified that he was the president of the Raleigh Loan Office, Inc., and that "[t]here is (sic) three clerks there, besides myself, allowed to handle the ring tray. The customer is not allowed to handle them, they don't touch the trays at all."

The defendant offered no evidence.

The defendant pleaded not guilty. The jury returned a verdict against the defendant of guilty as charged of the felony of breaking and entering and also guilty as charged of the felony of larceny. From judgment imposing a prison sentence, the defendant appealed.

*Attorney General Morgan and Associate Attorney Silverstein for the State.*

*James E. Cline for defendant appellant.*

MALLARD, Chief Judge.

[1]  The defendant's first assignment of error is that the trial court erred "in allowing the State to continually recall witnesses over objection by defendant." The record reveals that one State's witness testified four different times, another witness testified three different times, and another witness testified on two different occasions. The rule is that the recalling of witnesses ordinarily rests in the sound discretion of the trial judge. See *State v. Bentley*, 1 N.C. App. 365, 161 S.E. 2d 650 (1968) and 98 C.J.S., Witnesses, § 365. In *Moore v. Bezalla*, 241 N.C. 190, 84 S.E. 2d 817 (1954), it is said: "Whether a witness may be recalled is in the sound discretion of the trial judge." When this rule is applied to this case, we hold that the trial judge did not commit error in permitting the State to recall the witnesses.

[2]  Defendant assigns as error the failure of the trial judge to allow his motion for judgment of nonsuit. Defendant contends that the only evidence linking him with the crime is fingerprint evidence.

The rule is that evidence, given by a qualified fingerprint expert, of fingerprints corresponding to those of an accused found at a place where the crime was committed under such circumstances that they could have been impressed only at the time the offense was committed is sufficient to withstand a motion for nonsuit. See *State v. Tew*, 234 N.C. 612, 68 S.E. 2d 291 (1951); *State v. Rogers*, 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104 (1951); *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969); 29 Am. Jur. 2d, Evidence, § 374. When the evidence in this case is viewed in the light of this rule, we are of the opinion and so hold that the trial judge properly overruled the defendant's motion for judgment of nonsuit.

[3]  Defendant assigns as error a portion of the judge's charge wherein he summarized a portion of the evidence to the jury. Defendant contends that the evidence does not support this portion of the charge. We do not agree. The general rule is that objections to the recapitulation of the evidence in the charge must be called to the trial court's attention in apt time to afford opportunity for correction in order that an exception thereto will be considered on appeal. See *State v. Weaver*, 3 N.C. App. 439, 165 S.E. 2d 15 (1969), *cert. denied*, 275 N.C. 263. The defendant did not state his contention that there was a misstatement of the evidence to the trial judge. However, the general rule does not apply to a statement of a material fact not shown in evidence. See *State v. Blackshear*, 10 N.C. App. 237, 178 S.E. 2d 105 (1970), and the cases therein cited. We hold that in the instant case the portion of the charge excepted to was supported by the evidence, and therefore the question of the materiality of the statement complained of does not arise.

In the trial we find no error.

No error.

Judge BRITT concurs.

Judge BROCK concurs in result.

Judge BROCK concurring in the result.

I concur in the result reached that the trial of defendant was free from prejudicial error. However, I do not agree with the rule pronounced by the majority concerning fingerprint evidence.

The rule stated by the majority places on the State a heavier burden of proof in the use of fingerprint evidence than is justified. As I read the rule stated by the majority, in order *to withstand a motion for nonsuit* it is incumbent on the State to conclusively establish that the fingerprints could have been impressed only at the time the offense was committed.

In my opinion, the State need only offer *evidence from which the jury could find,* after consideration of all the circumstances of the case, that the fingerprints could have been impressed only at the time the offense was committed. The question of whether, under the circumstances of the case as the jury found them to be, fingerprints found at the scene of the crime could have been impressed only at the time when the crime was committed, is a question for determination by the jury, not the court. This, I think, is the intent of *State v. Tew, State v. Rogers, State v. Blackmon,* and the secondary source material cited by the majority. Also, I think it is the intent of *State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *State v. Smith,* 274 N.C. 159, 161 S.E. 2d 449; *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198; and Annot., 28 A.L.R. 2d 1115, at 1150.