STATE OF NORTH CAROLINA v. NELSON GALE REYNOLDS

No. 7219SC826

(Filed 11 April 1973)

1. **Criminal Law § 60— fingerprint evidence — sufficiency of evidence to withstand nonsuit**

Evidence given by a qualified expert that fingerprints found at the scene of a crime correspond with those of an accused, when accompanied by substantial evidence of circumstances from which the jury can find that such fingerprints could have been impressed only at the time the offense was committed, is sufficient to withstand a motion for nonsuit.

2. **Criminal Law § 60; Burglary and Unlawful Breakings § 4; Larceny § 7— fingerprint evidence — sufficiency of evidence to withstand nonsuit**

Where the evidence tended to show that fingerprints on vending machines in the refreshment area of a manufacturing company matched those of defendant, that the fingerprints could have been impressed only at the time the offenses charged were committed, that the refreshment area was not open to the public in general or to defendant in particular and that defendant had never lawfully been in or around the place of business before, evidence was sufficient to withstand nonsuit in a felonious breaking and entering and felonious larceny case.

APPEAL by defendant from *McConnell, Judge,* 5 June 1972 Session of Superior Court held in RANDOLPH County.

Indictment for: (1) felonious breaking and entering and (2) felonious larceny. Plea: not guilty. The State introduced

evidence to show: At some time between the close of work on Friday, 19 February 1971, and the following Monday morning, the place of business of United Brass Works, Inc., at Randleman, N. C., was broken into and vandalized. The company was primarily engaged in the manufacture of bronze valves. On 19 February 1971 the business was operated in normal shifts and had approximately 70 employees working each shift. The business was enclosed in a single building, in the basement of which there was a refreshment area containing vending machines for soft drinks, sandwiches, candy and cigarettes. At the close of the workday on Friday, 19 February 1971, the doors, windows, and places of ingress and egress were secured. On the following Monday morning it was discovered that several louvers had been pulled out from the frame of a louvered window on the north side of the building, leaving a hole measuring 17 by 22 inches. Desk drawers had been pried open, vending machines in the refreshment area severely damaged, the change machine opened and emptied, and approximately $600.00 taken from a cash box in a desk and from a locked desk drawer. The investigating S.B.I. agent noticed that the Coke and Pepsi machines in the basement refreshment area had been pulled slightly away from the wall and unplugged. On processing for latent fingerprints, the agent obtained from the Pepsi machine one whole palm print, with four of the five fingerprints legible. In the opinion of an expert witness the fingerprints and palm print taken from the Pepsi vending machine were the same as those of the defendant.

The Director of Administration of United Brass Works, Inc., who had been associated with the company for approximately ten years, testified that the recreation area was not open to the public other than employees, that defendant had never been employed by the company, that he did not know the defendant, and on 19 February 1971 defendant was not authorized to enter the building of the corporation. On cross-examination, this witness testified: "People other than employees may have used the recreation room but if so it was done without my knowledge."

The defendant offered no evidence. The jury found him guilty of felonious breaking and entering and felonious larceny. From judgment imposing prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*Bell, Ogburn & Redding by Deane F. Bell and J. Howard Redding for defendant appellant.*

PARKER, Judge.

The sole question argued in defendant's brief and presented by this appeal concerns the denial of his motions for nonsuit. He contends that the evidence in this case was entirely circumstantial and was insufficient to support the verdict, relying on *State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296. It is elementary that upon motion for nonsuit in a criminal case the evidence must be viewed in the light most favorable to the State and that the motion should be denied if, when the evidence is so viewed, the court determines that there is substantial evidence to warrant a jury finding defendant guilty of all material elements of the offense charged. In this connection it is immaterial whether the evidence be direct or circumstantial or both; if there be substantial evidence from which a jury could find that the offense charge has been committed and that defendant committed it, regardless of whether that evidence be direct or circumstantial or some combination of both, the motion to nonsuit should be overruled. "Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury." *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431.

[1] In the present case defendant does not challenge the sufficiency of the evidence to show that the offenses charged had been committed by someone; he challenges only the sufficiency of the evidence to justify the court in submitting to the jury the question whether he was the person who committed them. The sufficiency of fingerprint evidence to establish the identity of an accused as the person who committed the offense charged has been before the appellate courts of this State in many cases. See, *e.g., State v. Tew,* 234 N.C. 612, 68 S.E. 2d 291; *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104 (footprints); *State v. Reid,* 230 N.C. 561, 53 S.E. 2d 849, cert. denied, 338 U.S. 876; *State v. Minton, supra; State v. Helms,* 218 N.C. 592, 12 S.E. 2d 243; *State v. Huffman,* 209 N.C. 10,

182 S.E. 705; *State v. Combs,* 200 N.C. 671, 158 S.E. 252; *State v. Stewart,* 16 N.C. App. 419, 192 S.E. 2d 60; *State v. Phillips,* 15 N.C. App. 74, 189 S.E. 2d 602; *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198; *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472; see also, Annot., 28 A.L.R. 2d 1115. The rule deducible from these cases is that evidence given by a qualified expert that fingerprints found at the scene of a crime correspond with those of an accused, when accompanied by substantial evidence of circumstances from which the jury can find that such fingerprints could have been impressed only at the time the offense was committed, is sufficient to withstand a motion for nonsuit. Such evidence logically tends to show that the accused was present when the crime was committed and that he participated in its commission. Whether such evidence in any case supports that conclusion beyond a reasonable doubt is a matter for the jury to decide.

[2] When the evidence in the present case is viewed in the light of the foregoing rule, we are of the opinion that the trial court properly overruled defendant's motions for nonsuit. There was substantial evidence from which the jury could find that fingerprints found at the place where the crimes charged were committed corresponded with those of defendant's; a qualified expert so testified. There was also substantial evidence of such circumstances as would support a jury finding that these fingerprints could have been impressed only at the time the offenses charged had been committed. The place where the fingerprints were found was not open to the public generally or to the defendant in particular. There was no evidence that defendant ever had been lawfully in or around the place of business before, as was the case in *Minton.* Nothing in the evidence in the present case even indicates any reason why defendant might ever have had lawful occasion to have been there. It would be pure speculation to assume that he had.

The motions for nonsuit were properly overruled.

No error.

Judges BRITT and VAUGHN concur.