STATE OF NORTH CAROLINA v. HAROLD BURRELL

No. 7530SC348

(Filed 17 September 1975)

1. **Criminal Law § 60— lifted fingerprint — chain of custody**

    The chain of custody of a fingerprint lifted from the crime scene was sufficiently established to permit testimony by an SBI fingerprint expert based upon an examination of the lifted print where the State presented evidence that the print was lifted by the owner of a property protection company, that it was stored in a locked box in the owner's office, that the owner later delivered it to the sheriff who mailed it to the SBI, and that the fingerprint expert received it in the mail and retained possession of it until trial.

2. **Burglary and Unlawful Breakings § 5; Criminal Law § 60— fingerprint — impression at time of crime — sufficiency of evidence**

    In this prosecution for breaking and entering a house with intent to commit larceny, the evidence was sufficient to permit a jury finding that defendant's fingerprint found at the crime scene could have been impressed only at the time of the offense where it tended to show that the print was found on an inside knob of a door used to gain entry to the basement of the house and that all items stolen from the house were taken from the basement area, and where defendant stipulated that he did not know the owner of the house and did not have permission to enter the house on the day of the break-in.

3. **Criminal Law §§ 34, 60— fingerprinting of defendant at jail— admissibility of testimony**

    In a prosecution for breaking and entering, the trial court did not err in permitting two deputy sheriffs to testify that they finger-

printed defendant at the county jail 12 days after the crime occurred where the purpose of the testimony was to identify defendant's fingerprint cards used by a fingerprint expert and no mention was made as to whether defendant had been arrested for a separate offense.

APPEAL by defendant from *Wood, Judge.* Judgment entered 27 November 1974 in Superior Court, MACON County. Heard in the Court of Appeals 27 August 1975.

This is a criminal prosecution wherein the defendant, Harold Burrell, was charged in a bill of indictment, proper in form, with the felony of breaking or entering with the intent to commit larceny.

The State offered evidence tending to show that on about 4 February 1974 the home of John Ritchie, located in Queen Mountain Estates in Macon County, was broken into and that a handsaw, a drill, and other tools were taken from a utiltiy room in the basement. During investigation of the break-in, fingerprints were lifted from various items in the house. One latent fingerprint (Exhibit 1), taken from the inside door knob of the basement door, matched the known print of the defendant's left index finger. A pane of glass in the top half of the door had been broken, and the door had been used to gain entry to the basement. The defendant stipulated that he did not know John Ritchie and that Ritichie had not given him permission to enter the house on or about 4 February 1974.

Defendant offered no evidence.

The jury returned a verdict of guilty. From a judgment that defendant be imprisoned for not less than five (5) nor more than seven (7) years, he appealed.

*Attorney General Edmisten by Deputy Attorney General R. Bruce White, Jr. and Assistant Attorney General Zoro J. Guice, Jr. for the State.*

*Creighton W. Sossomon for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial court erred in allowing Stephen Jones of the SBI, an expert in the field of fingerprint identification, to testify that in his opinion the latent fingerprint lifted from the door knob (Exhibit 1) matched the known print of the defendant's left index finger. Based upon

an alleged break in the chain of custody of Exhibit 1 prior to Jones' receipt of it at his office in Raleigh, defendant argues that the State failed to show that Jones' opinion testimony was predicated upon an examination of a fingerprint lifted from the crime scene.

The State offered the following evidence with respect to the chain of custody of Exhibit 1. On 4 February 1974 Fred Stewart, owner of a property protection company, and Carl Zachary, a deputy sheriff of Macon County, went to the home of John Ritchie to investigate the break-in. Stewart lifted the fingerprint (Exhibit 1) from the door knob of the basement door and retained possession of it until 17 February 1974. During this period of time, the fingerprint was stored in a lock box at Stewart's place of business. On 17 February 1974 Stewart delivered Exhibit 1 to George Moses, Sheriff of Macon County. Sheriff Moses placed Exhibit 1 in an envelope addressed to the Latent Evidence Section of the SBI and sealed the envelope. He personally deposited the envelope in the mail on either 17 February 1974 or on the morning of 18 February 1974. Stephen Jones received an envelope containing Exhibit 1 from Sheriff Moses by first class mail at his office in Raleigh on 19 February 1974. Jones retained possession of the fingerprint until trial.

In our opinion, the foregoing evidence reveals a complete chain of custody of Exhibit 1. Consequently, Jones' testimony was based upon examination of a fingerprint lifted from the crime scene and was properly admitted into evidence. This assignment of error is overruled.

[2] Defendant next contends that even if the opinion testimony of Stephen Jones was properly admitted into evidence, the trial court erred in denying his motion for judgment as of nonsuit. Defendant does not argue that the evidence was insufficient to show that a felonious breaking and entering had been committed. Rather, defendant contends that the evidence was not sufficient to show that *he* was the perpetrator of the offense.

Decision in this case depends upon application of the rule that "evidence given by a qualified expert that fingerprints found at the scene of a crime correspond with those of an accused, when accompanied by substantial evidence of circumstances from which the jury can find that such fingerprints could have been impressed only at the time the offense was committed, is sufficient to withstand a motion for nonsuit." *State v. Reynolds,* 18 N.C. App. 10, 13, 195 S.E. 2d 581, 583 (1973).

When the evidence in the present case is viewed in light of the foregoing rule, we are of the opinion that the evidence was sufficient to require submission of the case to the jury and to support the verdict. *State v. Reynolds, supra; State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969). There was substantial evidence from which the jury could find that the defendant's fingerprint was found at the crime scene. There was also substantial evidence of circumstances from which the jury could find that the fingerprint could have been impressed only at the time the offense was committed. Defendant's fingerprint (Exhibit 1) was found on the inside door knob of a basement door which had been used to gain entry to the lower portion of the house. All items taken from the house during the break-in on 4 February 1974 were taken from the basement area. There was no evidence that the defendant had ever been lawfully inside of the Ritchie dwelling. In fact, the defendant stipulated that he did not know Ritchie and that Ritchie had neither given him nor anyone else permission to enter the home on or about 4 February 1974. This assignment of error is without merit.

[3]    Finally, defendant contends that the trial court erred in permitting two of the State's witnesses, deputy sheriffs of Jackson County, to testify that they fingerprinted the defendant at the Jackson County jail on 16 February 1974. Defendant argues that this testimony was prejudicial because the "unmistakable inference to be drawn by the jury is that the Defendant was at the Jackson County jail for other than social purposes and that in fact he had been arrested again for other misdeeds." We do not agree.

The deputies testified for the sole purpose of identifying Exhibit 2, the known fingerprint cards of the defendant. These cards were submitted to Stephen Jones of the SBI and were used by Jones in formulating his opinion that Exhibit 1, the latent fingerprint found on the inside of the house, was a print of the defendant's left index finger. No mention was made as to whether the defendant had been arrested for or had been convicted of a separate offense. Reference to the Jackson County jail was only incidental to the deputies' testimony that the defendant was the person whom they fingerprinted.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.