STATE OF NORTH CAROLINA v. DONALD EUGENE WHITE

No. 8326SC944

(Filed 20 March 1984)

**Burglary and Unlawful Breakings § 5.1; Criminal Law § 60.5— breaking or entering—fingerprints—time of impression—insufficiency of evidence**

The State's evidence was insufficient to support conviction of defendant for felonious breaking or entering of a house where the only evidence connecting defendant with the crime was testimony that latent prints lifted from the broken window at the scene of the crime matched those of defendant where defendant offered a reasonable explanation for the presence of his prints on the broken window by testifying that he had formerly lived in the house, the house had been vacant some eight months prior to the crime, and defendant and his girlfriend had gone to the then vacant house and peered into the window, and where the State's witness testified that fingerprints could last a year or longer.

APPEAL by defendant from *Owens, Judge.* Judgment entered 31 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 March 1984.

Defendant, charged with felonious breaking and entering and felonious larceny, appeals from a jury verdict finding him guilty of felonious breaking and entering and not guilty of felonious larceny.

The State's evidence tended to show: On 15 September 1982, sometime between 7:30 a.m. and 3:00 p.m., someone broke into and entered the home leased by Vanessa Bennett Abraham and her son, Martin Bennett.

Martin Bennett testified that when he arrived home from school at around 3:00 p.m. on 15 September, he noticed that the kitchen window had been broken and that a television and tape recorder were missing. He testified that when he left for school at 7:30 a.m., the doors were locked, but when he came home, the back door was open.

Vanessa Bennett Abraham testified that she left for work at around 7:00 a.m. and when she returned home at around 3:15 p.m., she, too, noticed the broken kitchen window and the missing television and tape recorder. She also testified that her jewelry lay scattered on her bed and that the screens from both the kitchen and bedroom windows had been removed.

Officer Larry F. Matkins, a member of the Crime Scene Search Unit in the Police Department Crime Laboratory, testified that on 15 September, he lifted latent prints from the screen, frame, and window that had been broken.

Officer Johnny B. Boyd, qualified as an expert witness in fingerprint identification, testified that two of the latent prints lifted from the broken window matched the known fingerprints of defendant.

Defendant's evidence tended to show: Defendant testified that on 15 September 1982, he and his friend, Connell Goodson, left defendant's house at 7:45 a.m. and walked to school. He arrived at school in time to attend his 11:00 a.m. class. After class, he and Goodson went to the University Biology Laboratory where both men worked. They left the Laboratory at 3:45 p.m.

Defendant testified that in January 1982, the house rented by Vanessa Bennett Abraham had been vacant. He testified that he had lived in the house in 1976 and that in January, he had returned with his girlfriend and had peered in the kitchen window.

Connell Goodson's testimony, as to defendant's whereabouts on 15 September 1982, substantially matched that of defendant.

*Attorney General Edmisten, by Richard L. Griffin, Assistant Attorney General, for the State.*

*Kenneth W. Parsons, for defendant appellant.*

VAUGHN, Chief Judge.

Defendant contends that the trial court erred in denying his motions to dismiss and his motion to set aside the verdict. In recognition of the rule that fingerprint evidence is insufficient, by itself, to carry a case to the jury, we find merit in defendant's contention.

The State relied on the testimony of Officer Johnny Boyd, a qualified expert in fingerprint identification, to prove that the latent prints lifted from the broken window at the scene of the crime matched those of defendant. While fingerprint evidence shows that a defendant has, at some time, been at the crime scene, such evidence has no probative force unless it can also be shown that defendant's fingerprints were impressed at the time

the crime was committed. *State v. Bass,* 303 N.C. 267, 278 S.E. 2d 209 (1981); *State v. Scott,* 296 N.C. 519, 251 S.E. 2d 414 (1979).

Defendant offered a reasonable explanation for the presence of his prints on the broken window: In January 1982, approximately eight months before the crime was committed, defendant and his girlfriend had gone to the then vacant house and peered into the window. Defendant testified that the only way to see the kitchen was from the back kitchen window and that "[i]n order to look in the kitchen window, [he] had to climb up there." State's witness, Larry Matkins, testified that fingerprints could last a year or longer.

The State concedes that defendant's testimony shows that his fingerprints could have been impressed while defendant was lawfully on the premises, but argues that during cross-examination, defendant contradicted himself, and, thus, the question of his guilt was properly left to the jury. Defendant, during cross-examination, testified that he did not have to climb on anything to see into the window: "When I said before that we climbed up there, I meant that I had lifted [my girlfriend] up. . . . I know I didn't climb up there. I could stand on the ground on my tiptoes and see in the edge of the window."

Regardless of whether defendant had his feet on the ground when he peered into the window, his testimony provided a lawful explanation for the presence of his prints on the window. The State produced no evidence to negate defendant's explanation, but seeks to rely solely on defendant's contradictory testimony during cross-examination to show that defendant could have left his prints only at the time of the crime.

The burden is not on defendant to sufficiently explain the presence of his prints, but on the State, to prove by substantial evidence, defendant's guilt. *State v. Bass, supra; see State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296 (1948). While the jury decides what the evidence proves or does not prove, the judge decides whether the evidence is sufficient to withstand a motion to dismiss. *State v. Scott, supra.* The trial judge here erred in denying defendant's motions to dismiss.

Reversed.

Judges WHICHARD and PHILLIPS concur.