STATE OF NORTH CAROLINA v. GEORGE LEE REDFERN

No. 7119SC706

(Filed 15 December 1971)

**Criminal Law § 34— cross-examination as to previous convictions**

> Where defendant testified on cross-examination that he had previously been convicted of assault but that he did not know how many times, the trial court did not err in permitting the solicitor to question defendant about specific previous convictions dating back to 1945.

APPEAL by defendant from *Gambill, Judge,* April 26, 1971 Session of CABARRUS Superior Court.

The defendant, George Lee Redfern, was arrested on 15 January 1971 and charged with driving a vehicle while under the influence of intoxicating liquor, resisting arrest, and assaults on two deputies sheriff.

The charges were consolidated for trial. Defendant entered a plea of guilty to the charge of driving while under the influence of intoxicating liquor.

Pleas of not guilty were entered to the other three charges. The jury returned a verdict of guilty as charged. Judgment imposing a prison sentence was entered.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*Irvin & Irvin by Howard S. Irvin for defendant appellant.*

CAMPBELL, Judge.

The sole question involved in this appeal is whether it was error for the trial court to allow the Solicitor to question the defendant, at some length, as to prior convictions.

At the trial defendant testified in his own behalf. On cross-examination the defendant testified that he had been convicted of assault, but that he did not know how many times. He was then questioned, at some length, about specific previous convictions dating to 1945.

State v. Redfern

The defendant contends that the State was bound by his answer that he had been convicted of assault, but he did not know how many times and that the Solicitor should not have been permitted to question defendant further concerning prior convictions.

When a defendant voluntarily becomes a witness, he may be cross-examined with respect to previous convictions, but the answers are conclusive and are admissible as affecting his credibility as a witness. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534 (1970), *cert. denied*, 400 U.S. 946 (1970). Whether the cross-examination goes too far or is unfair rests largely in the sound discretion of the trial judge. *State v. Neal*, 222 N.C. 546, 23 S.E. 2d 911 (1943). The defendant in this case admitted prior convictions, but did not recall the exact number. His contention that the Solicitor was bound by the answer and could not inquire further is without merit. Had the defendant denied any prior convictions he could not have been contradicted by independent evidence. *State v. King*, 224 N.C. 329, 30 S.E. 2d 230 (1944). Here, however, the defendant admitted the prior convictions. The Solicitor has the right to " 'sift the witness' ". *State v. Robinson*, 272 N.C. 271, 158 S.E. 2d 23 (1967). *State v. King, supra.*

The Solicitor's questions on cross-examination were proper. The trial court did not abuse its discretion in allowing the cross-examination.

We find

No error.

Judges MORRIS and PARKER concur.