STATE OF NORTH CAROLINA v. CARLTON H. MILLS

No. 733SC198

(Filed 28 February 1973)

1. Criminal Law §§ 79, 89— statement signed by accomplice — admission for corroboration of accomplice

   In this prosecution for burning a tobacco barn, a typewritten statement signed by defendant's accomplice was properly admitted in evidence for the purpose of corroborating the accomplice's testimony.

2. Criminal Law § 86— statement that prior convictions were traffic violations — continuation of questioning as to other offenses

   Where defendant stated on cross-examination that he had only been convicted of traffic violations, the trial court did not err in

allowing the solicitor to question defendant further as to whether he had been convicted of other specified offenses.

ON *certiorari* to review judgment entered by *Cohoon, Judge,* at the 31 January 1972 Session of Superior Court held in PITT County.

Defendant was charged in a bill of indictment with burning a tobacco barn.

The State's evidence included the testimony of an accomplice, Creston Mills, who testified to the following: Sometime in May, 1971 defendant loaned accomplice $200. Defendant later told accomplice he wouldn't have to pay him back if he "helped him burn the packhouse." Defendant said he wanted to burn the packhouse "so that he could get some money out of it." Accomplice agreed to help.

On 21 September 1971 at about 8:00 p.m., defendant approached accomplice at a local poolroom near Chicod Community and said "Let's go run the dogs." Defendant and accomplice left the poolroom, stopped at accomplice's house to get his shoes, and then stopped at defendant's trailer where defendant filled up a five gallon can of gas. From there the two proceeded to a tobacco packhouse barn owned by Mrs. Mattie Smith. At defendant's direction, accomplice poured gasoline from the five gallon can around the inside perimeter of the barn while defendant held a flashlight illuminating the area. Both defendant and accomplice tried, without success, to ignite the gasoline by tossing matches through the barn window. At defendant's direction, accomplice tossed a match through the barn door onto the middle of the floor. The resulting explosive combustion set accomplice's shirt on fire and severly burned his hands, back, and arms. Defendant was burned on the right arm, and the hair on his arm and head was singed. Accomplice was driven home by defendant, and then taken by his brother to Pitt Memorial Hospital, where he was hospitalized for three weeks.

In corroboration of accomplice's testimony, both the investigating officer who had interrogated accomplice at the hospital, and accomplice's mother testified. In addition to this testimony, the State introduced a typed statement signed by the accomplice at the hospital.

The State also presented evidence which tended to show the following: The tobacco barn in question belonged to Mrs. Mattie Smith, and was located on a farm near Chicod Community owned by her and rented to defendant; that at the time of the fire the tobacco barn contained between 26 and 30 thousand pounds of tobacco, two-thirds of which belonged to defendant; that defendant's interest in the tobacco was covered by insurance; that one week after the fire defendant's right arm showed signs of a recent burn and that the hair on his arms and head had been singed; that there were no burn marks under the hood of defendant's pickup truck or around the carburetor.

The defendant's evidence tended to show: That on the night of the fire he was with accomplice from 7-8:00 p.m., but that they did not go near the tobacco barn; that for part of that night he drank beer with four other men, and that the rest of the night he was at home in the presence of his wife; that he received his burns working on the carburetor of his truck several days after the fire; that he had no burns on the day after the fire.

Defendant entered a plea of not guilty. Defendant was found guilty by a jury, and from this conviction he appealed.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*Willis A. Talton for defendant.*

BROCK, Judge.

[1] Defendant assigns as error the admission into evidence of a typewritten statement signed by accomplice. This statement was admitted to corroborate accomplice's testimony after a proper instruction to the jury. Defendant argues that the cumulative effect of the admission of this statement, allowed in addition to the corroborating testimony of two witnesses, was prejudicial. This evidence was properly admitted for the purpose of strengthening the witness's credibility by showing prior consistent statements. Stansbury, N. C. Evidence, §§ 51, 52. This assignment of error is overruled.

[2] Defendant also assigns as error the Court's allowance, over defendant's objections, of questions concerning defendant's previous convictions of crime after defendant had testified he had only been convicted of traffic violations. The solicitor was

permitted to continue to ask about convictions; *e.g.,* " I ask you to state whether or not you have ever been convicted of carrying a concealed weapon." Defendant affirmatively answered several questions asked in this manner. Defendant's contention that the State was bound by his first statement that he had been convicted only of traffic violations is without merit. *State v. Robinson,* 272 N.C. 271, 158 S.E. 2d 23; *State v. Weaver,* 3 N.C. App. 439, 165 S.E. 2d 15. Had defendant denied these questions he could not have been contradicted by independent evidence. *State v. Redfern,* 13 N.C. App. 230, 185 S.E. 2d 6.

Defendant does not carry forward his other assignments of error in his brief, and they are deemed abandoned. Rule 28, Rules of Practice, North Carolina Court of Appeals.

No error.

Judges CAMPBELL and GRAHAM concur.