STATE OF NORTH CAROLINA v. FRED DOUGLAS TRUESDALE

No. 7726SC595

(Filed 7 December 1977)

**Narcotics § 4— accessory before fact to possession of heroin—fingerprints on packets**

The State's evidence was sufficient for the jury on the issue of defendant's guilt of two charges of accessory before the fact to possession of heroin

with intent to sell where it tended to show that the person with whom defendant lived was apprehended on two occasions, seven days apart, with a large number of foil packets containing heroin in his possession, defendant's fingerprints were found both inside and outside four of the packets discovered on the first occasion and five of the packets discovered on the second occasion, and defendant left the State after his roommate's arrest and presented false identification when apprehended in South Carolina, the evidence being sufficient to raise an inference that defendant participated in preparing and packaging the heroin on two separate occasions.

APPEAL by defendant from *Howell, Judge.* Judgments entered 3 February 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 November 1977.

By two indictments, proper in form, defendant was charged with possession of heroin with intent to manufacture, sell and deliver, on 20 and 27 June 1975. Prior to trial, defendant moved to quash the indictments as being duplicative, but the motion was denied. He pleaded not guilty.

Evidence presented by the State tended to show:

One Charles Ward was arrested twice in June of 1975 for possession of heroin with intent to sell. The first arrest occurred on 20 June 1975 when Ward was found in a car, with two other men, in which a brown paper bag containing 322 aluminum foil packets was found. The second arrest occurred on 27 June 1975 when Ward was seen emerging from some woods with a brown paper bag in his hand which was found to contain numerous aluminum foil packets. After the contents of each group of packets were analyzed and found to be heroin, the aluminum foil packets were dusted for fingerprints. Of the packets seized on 20 June 1975 and examined, four were found to have defendant's fingerprints on them, inside and out, and no other person's prints were identified. Of the packets seized on 27 June 1975 and examined, five were found to have defendant's prints on them, inside and out, and prints belonging to Ward were also found.

Defendant testified that he had lived with Charles Ward in May and June of 1975 but had nothing to do with packaging or selling heroin and did not observe Ward doing those things; that while living with Ward he often used aluminum foil to line the grill and wrap food; that he moved to South Carolina in late June but not for purpose of avoiding prosecution on these charges; that

he has three prior convictions for driving without a license; that while in South Carolina he obtained a driver's license by using false identification; and when he was arrested in South Carolina on these charges he presented false identification because it was the only identification that he had in his possession.

At the close of the evidence the court ruled that the case should be submitted to the jury on the charges of accessory before the fact to possession of heroin with intent to sell but not on charges of possession with intent to sell.

The jury found defendant guilty of the charges submitted, and from judgments imposing two consecutive eight-year prison sentences, he appealed.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender Fritz Y. Mercer, for defendant appellant.*

BRITT, Judge.

Defendant contends first that the court erred in denying his motions to dismiss the charges at the close of all the evidence. We find no merit in this contention.

Defendant argues that the evidence failed to show that the packets upon which his fingerprints were found contained heroin; that even if they did, the mere evidence of his prints, standing alone, was insufficient to support the verdicts returned when there was no evidence showing when the prints were made and his evidence showed that he came in contact with the aluminum foil in a legitimate way.

We do not find defendant's arguments persuasive. Not only did the evidence disclose defendant's fingerprints on the packets, inside and outside, but it showed that he was living with Charles Ward, the principal offender, during May and June of 1975; that he left the State after Ward's arrest and presented false identification when apprehended in South Carolina.

We recognize the rule that when the State relies on evidence of fingerprints, it must show not only the presence of the prints but additional circumstances which reasonably tend to show that

the prints could only have been impressed at the time of the commission of the crime. *State v. Reynolds*, 18 N.C. App. 10, 195 S.E. 2d 581 (1973). We think sufficient additional circumstances were shown in this case.

Defendant contends next that the court erred in failing, *ex mero motu*, to correct certain inaccurate and improper statements made by the district attorney in his argument to the jury. This contention has no merit.

The prosecutor's closing argument to the jury is included in the record on appeal. Defendant has filed exceptions to some 12 portions of the argument but only one exception is supported by an objection. We decline to consider the portions to which there was no objection. Rule 10, Rules of Appellate Procedure, 287 N.C. 671, 698-9.

As to the statement that was objected to, we fail to perceive how it was prejudicial to defendant.

Finally, defendant contends the court erred in sentencing him "on two charges where the evidence reflected at best only one offense". We find no merit in this contention.

Defendant argues that the theory of the State's case against him was that he participated in "cutting" and packaging the heroin and that there was no evidence tending to show that he did that on separate occasions. We are not impressed with this argument. The evidence showed that Ward was apprehended with a large quantity of heroin on two separate occasions, seven days apart; that defendant was living with Ward for some seven or eight weeks prior to the date of Ward's last arrest; and that defendant's fingerprints were found on packets of heroin seized on both occasions. We think this evidence was sufficient to raise an inference that the heroin was prepared and packaged on at least two occasions, thereby posing a question for jury determination.

In defendant's trial and the judgments appealed from, we find

No error.

Judges PARKER and VAUGHN concur.