STATE OF NORTH CAROLINA v. KENNETH LLOYD CALLAHAN

No. 8427SC1190

(Filed 1 October 1985)

1. **Criminal Law § 22— absence of arraignment—no reversible error**

The absence of formal arraignment in a prosecution for possessing cocaine with intent to sell or deliver and delivery of cocaine did not amount to reversible error where defendant did not state that he had not been informed of the charges, there could be no doubt from the record that defendant was fully aware of the charges, and the court summarized the charges to the jury and stated that defendant had entered a plea of not guilty. G.S. 15A-1213.

2. **Criminal Law § 87.3; Bills of Discovery § 5— notes from which typewritten statement made—not produced—no error**

The trial court did not err in a prosecution for possession of cocaine with intent to sell or deliver and delivery of cocaine by refusing to order production of an officer's "scribbled" notes from which he made a typewritten statement. The typed statement was read into evidence and was thus obviously produced as required by statute; there was no evidence that the State had the "scribbled" notes in its possession or that the officer still had them at the time of trial. G.S. 15A-903(f)(2).

3. **Criminal Law § 42.6— cocaine—chain of custody—sufficient**

In a prosecution for possession of cocaine with intent to sell or deliver and delivery of cocaine, the evidence was sufficient to establish a proper chain of custody as to a white powder where a SLED agent placed a red seal on the envelope containing the white powder, initialed it, and delivered it to the SLED lab in South Carolina; the SLED chemist obtained this envelope from his personal locker to which the chief chemist also had a set of keys; and the red seal was unbroken when the chemist obtained the envelope. The evidence was sufficient to reasonably support the conclusion that the substance analyzed was the same as that delivered to the SLED lab by the agent.

State v. Callahan

**4. Criminal Law § 14— jurisdiction—failure to instruct—no error**

The trial court did not err by refusing defendant's requested jury instruction on jurisdiction where defendant was not charged with the sale of cocaine in North Carolina but with the offenses of possessing cocaine with intent to deliver and delivery of cocaine; the evidence indicated that if the offenses of possession of cocaine with intent to deliver and delivery of cocaine were committed by defendant, they were committed at Gary Short's residence; all of the evidence was that Gary Short's residence was in North Carolina; and defendant simply denied having gone there or having delivered any white powder to the officer at any location. Although the facts supporting defendant's commission of the offenses were in dispute, the location of the offenses was not an issue.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 20 April 1984 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 27 August 1985.

Defendant was indicted for the felonies of possessing cocaine with intent to sell or deliver and delivery of cocaine. A jury found him guilty of possessing cocaine with intent to deliver and guilty of delivering cocaine. The court consolidated the offenses and imposed an active sentence of ten years. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Daniel F. McLawhorn, Assistant Attorney General, for the State.*

*Hamrick, Mauney, Flowers, Martin and Deaton, by W. Robinson Deaton, Jr. for defendant appellant.*

MARTIN, Judge.

Defendant brings forward assignments of error relating to (1) the denial of his motion for a continuance on the grounds that he had not been arraigned, (2) the admission of evidence over his objection, (3) the denial of his motion to examine the undercover officer's notes and (4) the refusal of the court to grant his request for jury instructions regarding jurisdiction. We have considered each of defendant's contentions and find no prejudicial error in his trial.

The State's evidence tended to show that on 10 April 1983 Officer Kenneth Knox, a narcotics detective for the Union County, South Carolina, Sheriff's Department went to the defendant's home which is located just a few miles inside the South Carolina line. Officer Knox was accompanied by Gary Short and Vance

Head. At the defendant's home Officer Knox inquired about buying a gram of cocaine. The evidence indicates that the defendant told the officer that he did not have any cocaine with him but he could get some and for the officer to give him the money. Officer Knox gave defendant $110, and defendant told Officer Knox to go to Gary Short's residence and wait for him. There is no dispute that this transaction occurred in South Carolina.

Officer Knox testified that he and Gary Short left defendant's home and went to Mr. Short's residence, which according to Knox's testimony, was located in a mobile home park in Patterson Springs, Cleveland County, North Carolina. Officer Knox stated further that approximately 45 minutes later defendant arrived at the Short residence and handed him a small piece of plastic containing white powder which the officer put in his pocket.

Officer Knox later met with SLED Agent Robert Cogdell and gave him the white powdery substance which Agent Cogdell placed in an envelope, labeled it, and locked it in his briefcase. Agent Cogdell delivered this evidence to the SLED lab in South Carolina. Since the chemist assigned to analyze the evidence was not at the laboratory, Agent Cogdell placed a seal on the envelope, initialed it, and turned the envelope over to Lieutenant Wilson, the chief chemist. Lieutenant Wilson did not testify. Bob Carpenter, the chemist who performed an analysis of the substance, testified that he picked up the evidence envelope from his personal locker to which Lieutenant Wilson also had keys. The seal was intact. Analysis of the white powder indicated that it was cocaine.

Defendant's evidence tended to show that he recalled that Officer Knox, who was known to him as "Big John," had come to his residence with Gary Short on one occasion, but he denied that he had ever agreed to provide "Big John" with cocaine or that he had ever been to Gary Short's residence, although he knew that it was located in Cleveland County. He specifically denied having possessed cocaine on the one occasion when Officer Knox came to his home, or having delivered cocaine to Officer Knox at any location on that date.

[1]   By his first assignment of error defendant contends that the trial court erred in denying his motion for continuance, which was made on the ground that he was never arraigned. When the case

was called for trial on 17 April 1984, defendant's counsel stated that defendant had neither been arraigned nor waived arraignment. The court asked the court reporter what her records indicated and she replied that the notation "WA" appeared on her copy of the 19 March 1984 calender. She stated that this was her shorthand symbol for "waived arraignment." Defendant offered no materials in support of his motion. Based upon the court reporter's notation, the court found that defendant had waived arraignment.

In *State v. Brown*, 306 N.C. 151, 174, 293 S.E. 2d 569, 584, *cert. denied*, 459 U.S. 1080, 103 S.Ct. 503, 74 L.Ed. 2d 642 (1982), the North Carolina Supreme Court stated the principle concerning arraignment: "The purpose of an arraignment is to allow a defendant to enter a plea and have the charges read or summarized to him and the *failure to do so is not prejudicial error unless defendant objects and states that he is not properly informed of the charges.* (Emphasis added.) Defendant did not state that he had not been informed of the charges, indeed from the record there can be no doubt that he was fully aware of them. The court as required by G.S. 15A-1213 summarized the charges to the jury and stated that defendant had entered a plea of not guilty. The absence of formal arraignment, under these circumstances, does not amount to reversible error. *State v. McCotter*, 288 N.C. 227, 217 S.E. 2d 525 (1975); *State v. Riddle*, 66 N.C. App. 60, 310 S.E. 2d 396 (1984). This assignment of error is overruled.

[2] Defendant next assigns error to the trial court's failure to order the State to produce written notes made by Officer Knox. At trial Officer Knox made reference to a statement which he had typed from his notes that he "scribbled" on his way home after meeting with the defendant. Defendant contends that he is entitled to the officer's "scribbled" notes pursuant to G.S. 15A-903(f)(2) which provides: "After a witness called by the State has testified on direct examination, the Court shall, on motion by the defendant, order the State to produce any statement of the witness in the possession of the State that relates to the subject matter as to which the witness has testified."

There is no evidence in the record that the State in the case *sub judice* had the "scribbled" notes in its possession, nor that Of-

ficer Knox still had them at the time of trial. Officer Knox stated that the typed statement was made from those notes and was the only report that he had. The typed statement was read into evidence, thus it was obviously produced as required by the statute. Absent some showing, by cross-examination or otherwise, that the "scribbled" notes were available to the State, we cannot say that the court's refusal to order their production was error.

[3] The defendant next assigns as error that the evidence was insufficient to establish a proper chain of custody as to the white powder and therefore neither the powder nor the results of its analysis were admissible. This assignment of error is based on the failure of Lieutenant Wilson, head of the SLED lab, to testify. Defendant contends that Lieutenant Wilson's testimony was essential to establish a proper chain of custody. We disagree.

The evidence showed that Agent Cogdell placed a red seal on the envelope containing the white powder, initialed it, and delivered the evidence to Lieutenant Wilson at the SLED lab. Bob Carpenter testified to obtaining this envelope from his personal locker to which Lieutenant Wilson also had a set of keys. He further testified that when he obtained the envelope the red seal was unbroken. We hold this to be evidence sufficient to reasonably support the conclusion that the substance analyzed was the same as that delivered to Lieutenant Wilson by Agent Cogdell. In all other respects the chain of custody was complete. If the evidence is sufficient to reasonably support the conclusion that the substance analyzed is the same as that obtained from defendant, then both the substance and the results of the analysis are admissible. *State v. Karbas*, 28 N.C. App. 372, 221 S.E. 2d 98, *disc. rev. denied*, 289 N.C. 618, 223 S.E. 2d 395 (1976). We also rely upon the holding in *State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979). In *Detter*, the defendant contended that the State's evidence failed to show which employee had received the evidence from the post office and that once the evidence was placed on the bench at work there was a likelihood of interchange with other similar evidence. The *Detter* court rejected this argument stating that the possibility of interchange was too remote. "Any weakness in the chain of custody relates only to the weight of the evidence and not to its admissibility." *Id.* at 633, 260 S.E. 2d at 588.

State v. Callahan

[4]   In his final assignment of error, defendant contends that the trial court erred in refusing to give his requested jury instruction regarding jurisdiction. Defendant argues that the jury should have been required to determine if the alleged offenses occurred in North Carolina.

North Carolina follows the majority rule which requires that when jurisdiction is challenged, the State in a criminal case has the burden of proving beyond a reasonable doubt that the crime with which the defendant is charged occurred in this State. *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977). Where the facts on which jurisdiction is based are in issue, the court is required to instruct the jury that the State has the burden of proving jurisdiction. *State v. Darroch*, 305 N.C. 196, 287 S.E. 2d 856, *cert. denied*, 457 U.S. 1138 (1982).

The defendant prior to jury selection objected to joinder of the counts for trial on the grounds that if any *sale* of cocaine occurred, it occurred in South Carolina. However, defendant was not charged with sale of cocaine in North Carolina, rather he was charged with the offenses of possessing cocaine with intent to deliver and delivery of cocaine. The evidence indicates that if the offenses of possession of cocaine with intent to deliver and delivery of cocaine were committed by defendant, they were committed at Gary Short's residence. All of the evidence discloses that Gary Short's residence was in Cleveland County, North Carolina. Defendant simply denied having gone there or having delivered any white powder to Officer Knox at any location. Thus, we conclude that although the facts supporting defendant's commission of the offenses were in dispute, the fact upon which jurisdiction was based, i.e., the location where the offenses were committed, was not in issue. Therefore, the requested instruction was properly denied. This assignment of error is overruled.

No error.

Judges WEBB and BECTON concur.