STATE OF NORTH CAROLINA v. GERALD ANDRAIN WHEELER

No. COA99-457

(Filed 16 May 2000)

**Drugs— trafficking in cocaine—possession—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of trafficking in cocaine, based on the State's failure to prove defendant possessed the cocaine during a sting operation, because defendant's handling of the cocaine for the sole purpose of inspection before he decided not to buy it did not constitute possession within the meaning of N.C.G.S. § 90-95(h)(3), as defendant did not have the power and intent to control its disposition or use.

Judge WALKER concurring.

Appeal by defendant from judgment dated 4 November 1998 by Judge W. Erwin Spainhour in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 February 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Gayl M. Manthei, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

GREENE, Judge.

Gerald Andrain Wheeler (Defendant) appeals a jury verdict finding him guilty of trafficking in cocaine by possession of 400 grams or more of cocaine pursuant to N.C. Gen. Stat. § 90-95(h)(3).

The State's evidence at trial tended to show that on 9 October 1997, Sidney J. Lackey (Officer Lackey), an officer with the Vice and Narcotics Unit of the Charlotte-Mecklenburg Police Department, made arrangements with an informant to sell a kilo of cocaine for $20,000.00. Officer Lackey was scheduled to meet the informant at Wayne's Supermarket on North Graham Street. At approximately 5:00 p.m., Officer Lackey drove into the supermarket parking lot and saw the informant's vehicle parked in the lot. The informant and a man named Ronald Higgs (Higgs) were sitting in the front seat of the vehicle and Defendant was sitting in the back seat. After approaching the

vehicle, Officer Lackey opened its door, sat down in the back seat, and asked the occupants if "they were ready to deal." Officer Lackey testified that he heard Defendant answer " 'yes,' " and then Officer Lackey exited informant's vehicle and returned to his vehicle to get a kilo of cocaine which had been prepared by the Charlotte-Mecklenburg Police Department Crime Laboratory.

Officer Lackey put the package, which was wrapped in duct tape, under his shirt and went back to the informant's vehicle. After sitting down on the back seat next to Defendant, Officer Lackey handed the package to Defendant and asked him if he had a knife to use in opening the package. Defendant stated he did not have a knife and handed the package to Higgs, who was in the front seat. The informant started driving the vehicle around the block while Higgs opened the package with a can opener. Higgs tested the cocaine contained inside the package by tasting it. During this time, Officer Lackey asked Defendant where the money was located. Defendant pulled the money, which was packaged in two large sandwich bags, out of a bag sitting between his legs. After Higgs tested the cocaine, he told Officer Lackey they did not want the cocaine because the quality was not good and gave the package back to Officer Lackey. Officer Lackey stated he had more cocaine in his vehicle and that he would get the other package.

After leaving the informant's vehicle with the cocaine, Officer Lackey radioed the "take down" team to stop the informant's vehicle and detain the occupants. Police officers searched the vehicle and found the can opener which was used to open the package of cocaine and $20,000.00 in cash. Tony A. Aldridge, a chemist with the Charlotte-Mecklenburg Police Department Crime Laboratory, testified the package used in the "sting operation" contained 1,303.36 grams of cocaine.

At the close of the State's evidence, Defendant made a motion to dismiss the charges against him on the ground the evidence did not show Defendant possessed the cocaine, and the trial court denied the motion. Defendant did not present any evidence at trial.

---

The dispositive issue is whether the record contains substantial evidence Defendant possessed the cocaine used in the "sting operation."

Defendant argues the record does not contain substantial evidence Defendant possessed the cocaine, and we agree.

**STATE v. WHEELER**

[138 N.C. App. 163 (2000)]

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

To obtain a conviction for trafficking in cocaine, the State must prove the defendant "possesse[d]" cocaine. N.C.G.S. § 90-95(h)(3) (1999). A defendant possesses cocaine within the meaning of section 90-95 when "he has both the power and intent to control its disposition or use." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972).

In this case, the evidence shows Officer Lackey sat down next to Defendant in the back seat of the informant's vehicle and handed Defendant a package containing cocaine. Defendant then gave the package to Higgs, who was sitting in the front seat, and Higgs opened the package. After Higgs tested the cocaine by tasting it, he handed the package to Officer Lackey and stated they did not want to purchase the cocaine because the quality was not good. This evidence, viewed in the light most favorable to the State, shows Defendant and Higgs handled the cocaine for the sole purpose of inspecting it and after inspection they made a determination not to purchase the cocaine. Defendant's handling of the cocaine for inspection purposes does not constitute possession within the meaning of section 90-95(h)(3), as he did not have the power and intent to control its disposition or use. *See State v. Moose*, 101 N.C. App. 59, 65, 398 S.E.2d 898, 901 (1990) (party who placed his finger in cocaine and touched this substance to his lip did not have the power and intent to control the substance), *disc. review denied*, 328 N.C. 575, 403 S.E.2d 519 (1991); *United States v. Kitchen*, 57 F.3d 516, 524-25 (7th Cir. 1995) (when defendant inspected cocaine provided by an undercover police officer but did not agree to purchase the cocaine, defendant did not have the ability to control the cocaine and, therefore, did not possess the cocaine). Accordingly, the trial court's denial of Defendant's motion to dismiss the charge of trafficking in cocaine is reversed.

**STATE v. WHEELER**

[138 N.C. App. 163 (2000)]

Reversed.

Judge TIMMONS-GOODSON concurs.

Judge WALKER concurs with a separate opinion.

Judge WALKER concurring.

I concur in the majority opinion but write separately regarding the differentiation of inspection and possession. The evidence here indicates that after Officer Lackey sat down next to defendant in the back seat of the informant's vehicle, Officer Lackey handed the package of cocaine to defendant and asked if he had a knife to open the package. This comment by Officer Lackey indicates that he anticipated defendant's inspection of the cocaine and did not intend to relinquish control over the cocaine. Therefore, Officer Lackey, not defendant, had the power and intent to control the cocaine's disposition. Thus, the trial court erred in denying defendant's motion to dismiss since there was insufficient evidence that he possessed the cocaine under N.C. Gen. Stat. § 90-95(h)(3).