STATE OF NORTH CAROLINA v. MICHAEL KEITH HOLDEN

No. COA02-1478

(Filed 7 October 2003)

## 1. Constitutional Law; Rape— right to unanimous verdict—instruction—first-degree statutory rape of female under age of thirteen

The trial court erred in a first-degree statutory rape of a female under the age of thirteen case by depriving defendant of his constitutional right to a unanimous jury verdict before being found guilty of a crime when it failed to distinguish between each of the ten counts submitted to the jury, because the effect of the instruction was to permit the jury to return guilty verdicts without agreeing that defendant committed a particular offense, or without agreeing on which two particular incidents of statutory rape occurred. N.C. Const. art. I, § 24.

## 2. Jurisdiction— instruction—law of jurisdiction

The trial court erred in a first-degree statutory rape of a female under the age of thirteen case by failing to instruct the jury on the law of jurisdiction where the trial court submitted all ten offenses to the jury and jurisdiction was contested.

**3. Venue— motion for change—pretrial publicity**

The trial court did not abuse its discretion in a first-degree statutory rape of a female under the age of thirteen case by denying defendant's pretrial motions for change of venue based on alleged prejudicial pretrial publicity, because: (1) defendant failed to provide the Court of Appeals with a transcript of jury selection to show juror responses as to whether existing community prejudice would prevent a fair trial; and (2) the newspaper articles provided in the record on appeal as exhibits to the motions for change of venue are factual and noninflammatory news stories.

**4. Evidence— sheriff's testimony—corroboration**

The trial court did err in a first-degree statutory rape of a female under the age of thirteen case by admitting a sheriff's testimony about his questioning of the victim as corroborative evidence, because: (1) the sheriff's testimony from his interview of the victim is generally consistent with the trial testimony of the victim; and (2) the variances in detail relate simply to the credibility and weight of the testimony and are not sufficient to render the sheriff's testimony contradictory to the victim's trial testimony.

**5. Jurisdiction— statutory rape—commission of offense within state—sufficiency of evidence**

Although the trial court did not err by denying defendant's motions to dismiss five of the ten charges of first-degree statutory rape of a female under the age of thirteen based on the fact that there was substantial evidence those offenses occurred in North Carolina, the trial court erred by failing to dismiss the remaining five counts because there was no evidence that more than five of the ten charged offenses occurred in North Carolina.

Appeal by defendant from judgments entered 16 January 2002 by Judge Jerry R. Tillett in Gates County Superior Court. Heard in the Court of Appeals 27 August 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Celia Grasty Lata, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for defendant-appellant.*

HUNTER, Judge.

Michael Keith Holden ("defendant") appeals from judgments dated 16 January 2002 entered consistent with jury verdicts finding him guilty of two counts of first degree statutory rape of a female under the age of thirteen years. As we determine that the trial court's jury instructions violated defendant's constitutional right to a unanimous jury verdict, we grant a new trial on both counts.

The State's evidence presented at trial tends to show that on the date of the trial the victim was thirteen years old. Around Christmas 1999, the victim was living with her mother, her brother, defendant, and two of defendant's nieces in Courtland, Virginia. After Christmas 1999, they moved to the victim's grandmother's house in Gates County, North Carolina. The victim testified that while they were living in Gates County, defendant had sex with her twice in a van on Cotton Gin Road and three times at her grandmother's house. The victim also testified that defendant had sex with her on other occasions, but she could not recall the number of times.

Edward Webb, the Sheriff of Gates County ("Sheriff Webb"), testified that in May 2000 he was visited by the victim and her parents. Sheriff Webb testified that during this interview the victim stated she and defendant had sex as many as ten times. The trial court instructed the jury this evidence was only for purposes of corroboration, and that if the jury found this testimony was, in fact, corroborative of the victim's testimony the jury could consider it to support the victim's testimony. All jurors indicated they understood the instructions and could follow them.

Sheriff Webb asked the victim about the occurrences of sexual intercourse in North Carolina and the victim responded that those occurred on Cotton Gin Road near a white pole off of Highway 37, which was in Gates County. On those occasions, defendant removed the victim's underwear, got on top of her, and began pushing back and forth. This testimony was admitted over defendant's objection as corroborative evidence and the jury was instructed to only consider it as such.

The victim's parents indicated she was pregnant and Sheriff Webb set up an appointment with the Department of Social Services for a pregnancy test. Prior to this appointment, the victim's father reported that the victim and her mother were missing. Defendant had also disappeared. The ensuing search involved both the State and Federal

Bureaus of Investigation and Sheriff Webb put out newspaper articles in an effort to track down leads and get information about the missing victim. The victim and her mother were ultimately located in Greensboro and the victim subsequently gave birth to a baby. DNA testing revealed a greater than 99.99% match that defendant was the father of the baby. Further testing revealed DNA from a stain containing spermatozoa in the backseat of the van where defendant allegedly raped the victim contained matches to both the DNA profile of defendant and that of the victim. Defendant was apprehended and charged with ten counts of rape.

Prior to the trial of this case, defendant made two motions for a change of venue based on the pretrial publicity following his flight, which the trial court denied. Defendant also moved for a bill of particulars to specify to which particular act each of the ten charged counts were related. This motion was also denied. At the close of the State's case and again after the presentation of all evidence, defendant moved to dismiss the charges for insufficient evidence that the offenses occurred in North Carolina. The trial court denied these motions and submitted all ten counts to the jury, with only a single instruction on the law, no instruction on jurisdiction, and without differentiating among the ten counts.

The issues are whether: (I) the trial court deprived defendant of his constitutional right to a unanimous jury verdict by submitting multiple offenses to the jury without differentiating between them; (II) the trial court erred by failing to instruct the jury on the law regarding jurisdiction; (III) the trial court erred in denying the motions for change of venue; (IV) Sheriff Webb's testimony about his discussion with the victim was non-corroborative hearsay testimony and should have been excluded; and (V) there was sufficient evidence that the crimes charged occurred in North Carolina.[1]

I.

[1] Defendant argues that he was deprived of his constitutional right to a unanimous jury verdict before being found guilty of a crime by the trial court's failure to distinguish between each count submitted to the jury. At the outset, we note that although defendant did not object at trial to the jury instructions and argues plain error to this

---

1. As we grant defendant a new trial on the basis of the trial court's instructions, we do not address assignments of error related to sentencing, nor do we address assignments of error that are unlikely to re-occur in a new trial. We do, however, address those issues which are likely to arise in the course of a new trial.

Court, the failure to object to alleged errors by the trial court that violate a defendant's "right to a trial by a jury of twelve" does not waive his right to raise the question on appeal. *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985).

Article I, Section 24 of the North Carolina State Constitution requires that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24; *see also* N.C. Gen. Stat. §§ 15A-1201, -1237(b) (2001) (jury verdict must be unanimous). A jury instruction that "allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a separate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense." *State v. Lyons*, 330 N.C. 298, 302-03, 412 S.E.2d 308, 312 (1991).

In this case, the trial court instructed the jury on the elements of the offense of first degree statutory rape and then charged the jury

> that if you find . . . that on or about the date or dates that have been alleged, [defendant] engaged in vaginal intercourse with the victim . . . and that at the time the victim was a child under the age of thirteen (13) years and that [defendant] was at least twelve (12) years old and was at least four (4) years older than the victim, it would be your duty to return a verdict of guilty of the . . . charge of first degree rape.

The trial court, however, made no attempt to distinguish among the ten different counts submitted to the jury. Further, a review of the indictments in this case reveals they are simply short form indictments that each alleges defendant committed first degree statutory rape occurring within a time period between 1 November 1999 and 12 May 2000, without specifying any specific date for any offense. Moreover, the verdict sheets returned by the jury indicate verdicts of guilty of first degree statutory rape without specifying a particular offense. " '[G]enerally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense.' " *State v. Dudley*, 319 N.C. 656, 659, 356 S.E.2d 361, 363 (1987) (citation omitted). Just as in *Lyons*, which dealt with a disjunctive assault instruction, *Lyons*, 330 N.C. at 306-07, 412 S.E.2d at 314, the effect of the instruction in the case *sub judice* is to permit the jury to return guilty verdicts without agreeing that defendant committed a particular offense, or specifically in this case without agreeing on which two particular incidents of statutory rape defendant was guilty.

STATE v. HOLDEN

[160 N.C. App. 503 (2003)]

The trial court submitted ten counts of rape to the jury and there was evidence of five incidents of rape, including three at the victim's grandmother's house and two in a van on Cotton Gin Road. Thus, without any instruction differentiating between the multiple counts, it was possible for a jury to return a verdict of guilty of two counts of statutory rape with some jurors believing defendant guilty of the incidents in the van, and others believing defendant guilty of two incidents at the victim's grandmother's house, or any number of other combinations. *See id.* Based upon a review of the record, transcript, indictments, jury instructions and verdict sheets, it is, therefore, impossible to determine whether the jury unanimously found that defendant committed any particular offense of statutory rape. Accordingly, the jury instructions were fatally ambiguous and deprived defendant of his right to a unanimous verdict and defendant is entitled to a new trial on two counts of statutory rape. Although we grant defendant a new trial on both counts appealed to this Court, we nevertheless undertake a review of defendant's remaining assignments of error that are likely to re-occur at a new trial.

II.

[2] Defendant assigns error to the trial court's failure to instruct the jury on the law of jurisdiction.[2]

In cases where jurisdiction is challenged and the trial court determines the evidence is sufficient for a jury to make the determination of whether the crime occurred in North Carolina, " 'the trial court must instruct the jury that unless the State has satisfied it beyond a reasonable doubt that the [crime] occurred in North Carolina, a verdict of not guilty should be returned.' " *State v. White*, 134 N.C. App. 338, 340, 517 S.E.2d 664, 666 (1999) (quoting *State v. Rick*, 342 N.C. 91, 100-01, 463 S.E.2d 182, 187 (1995)). Furthermore, the jury should be instructed to return a special verdict indicating lack of jurisdiction if it is not satisfied beyond a reasonable doubt that jurisdiction existed in North Carolina. *Id.* Thus, in the case *sub judice*, where the trial court submitted all ten offenses to the jury and jurisdiction was contested, the trial court erred by failing to instruct the jury on the law of jurisdiction.

---

2. Defendant has waived appellate review of this issue by not objecting to the omission of the instruction at trial and by failing to assign plain error in his record on appeal, we nevertheless, in our discretion under Rule 2 of the Rules of Appellate Procedure review this issue to prevent its re-occurrence upon re-trial of this matter. N.C.R. App. P. 2.

III.

[3] Defendant next argues that the trial court erred by denying his pretrial motions for change of venue based on prejudicial pretrial publicity.

"The test for determining whether a change of venue should be granted is 'whether, due to pretrial publicity, there is a reasonable likelihood that the defendant will not receive a fair trial.'" *State v. Hill*, 347 N.C. 275, 284, 493 S.E.2d 264, 269 (1997) (quoting *State v. Jerrett*, 309 N.C. 239, 254, 307 S.E.2d 339, 347 (1983)). Under this test, the burden is on defendant to show a reasonable likelihood "that the prospective jurors will base their decision in the case upon pretrial information rather than the evidence presented at trial and will be unable to remove from their minds any preconceived impressions they might have formed." *Id.* at 284-85, 493 S.E.2d at 269. "The best and most reliable evidence as to whether existing community prejudice will prevent a fair trial can be drawn from prospective jurors' responses to questions during the jury selection process." *State v. Madric*, 328 N.C. 223, 228, 400 S.E.2d 31, 34 (1991). "[W]here [a] defendant shows only that the publicity surrounding his case consists of . . . factual, noninflammatory news stories, a trial court's denial of a change of venue is proper." *State v. Cole*, 343 N.C. 399, 413, 471 S.E.2d 362, 368 (1996). A trial court's ruling on a motion for a change of venue will not be overturned absent a showing of abuse of discretion. *Hill*, 347 N.C. at 285, 493 S.E.2d at 269.

In this case, defendant has failed to provide this Court with a transcript of jury selection. Furthermore, the newspaper articles provided in the record on appeal as exhibits to the motions for change of venue are factual and non-inflammatory news stories. Thus, defendant has failed to show any abuse of discretion on the part of the trial court, and we conclude there was no error in the denial of the motions to change venue.

IV.

[4] Defendant also assigns error to the admission of Sheriff Webb's testimony about his questioning of the victim as corroborative evidence.

"Our courts have long held that a witness's prior consistent statements may be admissible to corroborate the witness's in-court testimony." *State v. Guice*, 141 N.C. App. 177, 201, 541 S.E.2d 474, 489 (2000). "Corroborative testimony is testimony which tends to

strengthen, confirm, or make more certain the testimony of another witness." *State v. Rogers*, 299 N.C. 597, 601, 264 S.E.2d 89, 92 (1980). Where corroborative testimony tends to add strength and credibility to the testimony of another witness, the corroborating testimony may contain new or additional facts. *State v. Farmer*, 333 N.C. 172, 192, 424 S.E.2d 120, 131 (1993). Variances in detail between the generally corroborative testimony and the testimony of another witness reflect only upon the credibility of the statement. *State v. Martin*, 309 N.C. 465, 476, 308 S.E.2d 277, 284 (1983). Whether testimony is, in fact, corroborative is a factual issue for the jury to decide, after proper instruction by the trial court. *State v. Burns*, 307 N.C. 224, 231-32, 297 S.E.2d 384, 388 (1982).

In this case, Sheriff Webb's testimony from his interview of the victim is generally consistent with the trial testimony of the victim, except to recount certain specific details the victim could not recall or did not specifically testify to at trial, including the number of times she and defendant had intercourse and a more detailed description of the intercourse in the van on Cotton Gin Road. These variances in detail relate simply to the credibility and weight of the testimony and are not sufficient to render Sheriff Webb's testimony contradictory to the victim's trial testimony. Thus, the trial court did not err in admitting Sheriff Webb's testimony regarding his interview of the victim as corroborative evidence.

V.

[5] Defendant finally contends the trial court erred by denying his motions to dismiss based upon insufficient evidence that the offenses occurred in North Carolina.

When the jurisdiction of the trial court is challenged in a criminal case, the burden is on the State to prove beyond a reasonable doubt that the offenses occurred in North Carolina. *See State v. Batdorf*, 293 N.C. 486, 493, 238 S.E.2d 497, 502 (1977). "A motion to dismiss is properly denied if 'there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense.' " *State v. Wheeler*, 138 N.C. App. 163, 165, 530 S.E.2d 311, 312 (2000) (citation omitted). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). In ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, allowing the State the benefit of every reason-

able inference derived therefrom. *Wheeler*, 138 N.C. App. at 165, 530 S.E.2d at 312.

In this case, the victim testified that shortly after Christmas 1999 she was living in Gates County, North Carolina at her grandmother's house. She further testified that defendant had sex with her three times at her grandmother's house. The victim also testified that defendant had intercourse with her twice in a van on Cotton Gin Road. Sheriff Webb identified the location in which these two incidents occurred as being on Cotton Gin Road within Gates County, North Carolina. Therefore, there was substantial evidence that five of the ten charged offenses occurred in North Carolina. The only evidence of the remaining five charged offenses was Sheriff Webb's testimony that the victim told him that defendant had sex with her ten times. This evidence was admitted only as corroborative evidence and not as substantive evidence of the crimes charged. Nor was there any evidence of where those remaining five offenses allegedly took place. Thus, the trial court erred in not dismissing the remaining five counts as there was no evidence that more than five of the ten charged offenses occurred in North Carolina.[3]

New trial.

Judges TIMMONS-GOODSON and ELMORE concur.

---

3. The trial court apparently did not dismiss the additional five counts because defendant was unable to distinguish specifically which five counts should have been dismissed. Defendant's pretrial motion for a bill of particulars was, however, denied and the State provided no correlation between the individual counts and the specific alleged offense and/or surrounding facts to which they related.