ELMORE, Judge.
Defendant was charged by indictment with felonious breaking and entering, felonious larceny, and obtaining property by false pretenses. He was charged by separate indictment with habitual felon status. After he was found guilty of obtaining property by false pretenses, he pled guilty to habitual felon status. The court sentenced defendant to an active term of imprisonment.
The State presented evidence tending to show that on 14 October 2002, Sanjeev Trehan returned to his apartment in Durham after taking an out-of-town trip and observed that the sliding glass doors of the apartment were open. He looked around the apartment and discovered that a Toshiba laptop computer, Whirlpool washer and dryer were missing from the apartment. The computerbelonged to his employer. The washer and dryer belonged to his landlord.
Investigator Randy Chappell of the Durham Police Department entered the serial number of the laptop computer into a national index computer and traced it to a business named "Cash Converters Durham." Investigator Kevin Emanuel visited the business and learned that defendant had brought the computer and a Whirlpool washer and dryer there and exchanged them for cash. Defendant's signature appeared on the transaction tickets verifying that he owned the items. The manager of Cash Converters who received the laptop computer identified defendant in court as the person who brought in the computer and signed the receipt. The manager testified that the owner of the shop handled the washer and dryer transaction. The laptop computer was still at the shop but the washer and dryer had been sold.
Defendant first contends that his conviction and sentence must be vacated because the State did not abide by an agreement promising him immunity in exchange for information regarding other offenses and offenders. Defendant has not shown in the record where he sought this relief before the trial court.
In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.
N.C.R. App. P. 10(b)(1) (2004). "The purpose of the rule is torequire a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal." State v. Canady, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991). Having failed to present the issue to the trial court, defendant may not raise it for the first time on appeal. This contention is dismissed.
Defendant's remaining contention is that the conviction of taking property by false pretenses must be vacated because the jury verdict is fatally ambiguous. Under our state constitution a person may not "be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. Art. 1, § 24. Defendant argues that since the sale of the computer and the washer and dryer to Cash Converters occurred at different times, some jurors could have found defendant sold the computer but not the washer and dryer while other jurors may have found the inverse, thus the verdict may not be unanimous.
Although defendant did not object to the trial court's instructions or submission of the possible verdicts, this Court has held that a defendant does not waive appellate review of the issue of whether the unanimity requirement of a verdict has been violated by his failure to object. State v. Holden, 160 N.C. App. 503, 506-07, 586 S.E.2d 513, 516 (2003), disc. review allowed, 358 N.C. 238, 593 S.E.2d 786 (2004). An issue as to whether a verdict is unanimous arises when the trial court instructs the jury that it may find the defendant guilty of the crime charged on alternative grounds, thereby creating the possibility that some jurors may findthe defendant guilty of the crime based on one ground while others may find the defendant guilty on the other ground. State v. Petty, 132 N.C. App. 453, 460, 512 S.E.2d 428, 433, appeal dismissed and disc. review denied, 350 N.C. 598, 537 S.E.2d 490 (1999). If each alternative ground constitutes a separate and distinct criminal offense, then the risk of a non-unanimous verdict arises. State v. Diaz, 317 N.C. 545, 554, 346 S.E.2d 488, 494 (1986). If, however, the alternative grounds are alternative acts which will establish an element of the offense charged, then the requirement of unanimity is satisfied. State v. Hartness, 326 N.C. 561, 566-67, 391 S.E.2d 177, 180-81 (1990). "[T]he difference is whether the two underlying acts are separate offenses or whether they are merely alternative ways to establish a single offense." State v. Almond, 112 N.C. App. 137, 144, 435 S.E.2d 91, 96 (1993). The reviewing court must examine the criminal statute "to determine whether it criminalizes a single wrong or multiple discrete and separate wrongs" and if it does criminalize two or more wrongs, then the court must examine the verdict, the jury charge, and the evidence to determine whether there is ambiguity as to whether the verdict is unanimous. Petty, 132 N.C. App. at 461-62, 512 S.E.2d at 434.
The crime of obtaining property by false pretenses is committed:
[i]f any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State anymoney, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value[.] . . .
N.C. Gen. Stat. § 14-100(a) (2003). This statute clearly establishes a single wrong; the fraudulent taking of the property of another by a false pretense. "Nowhere does [N.C. Gen. Stat. § 14-100] enumerate any specific activities which are separately punishable." Almond, 112 N.C. App. at 145, 435 S.E.2d at 96.
Moreover, an examination of the court's charge to the jury in this case does not reveal any instruction in the disjunctive. After defining the elements of the offense, the court charged:
If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant made a representation and that this representation was false, and that this representation was calculated and intended to deceive, that the victim was, in fact, deceived by it and that the defendant thereby obtained property from the victim, it would be your duty to return a verdict of guilty.
Nothing in this charge can be construed as permitting a jury to reach a non-unanimous verdict.
We overrule this assignment of error. We hold defendant received a fair trial, free of prejudicial error.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).