DILLON, Judge.
Jonatann Olguin Quintana ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of trafficking in cocaine. We find no prejudicial error.
I. Background
Officers from the Randolph County Sherriff's Office arrived at a residence to execute a search warrant. (The propriety of the search warrant is not being challenged.) While searching the residence, the officers found various documents, including forms of identification, an assault rifle with a loaded magazine, shotgun ammunition, large digital scales, and a jar containing between $500 and $700 in cash. Officers also observed suspicious after-market welds on the underside of a vehicle parked at the residence, and upon further investigation, recovered fifteen single kilogram bricks of cocaine that had been hidden inside a secret compartment. Latent print examination of the bricks of cocaine revealed Defendant's fingerprints on those bricks.
Defendant was indicted for trafficking in cocaine by possession of over 400 grams. At the conclusion of a two-day trial on the matter, a jury found Defendant guilty. The trial court sentenced Defendant to prison for 175 to 219 months and imposed a $250,000 fine. Defendant entered notice of appeal in open court.
II. Analysis
Defendant makes three arguments on appeal, which we address in turn.
A. Motion to Dismiss
Defendant first argues that the trial court erred in denying his motion to dismiss at the close of the evidence, contending that there was insufficient evidence that he constructively possessed the cocaine. We disagree.
We review the denial of a motion to dismiss for insufficient evidence de novo,viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in its favor. State v. Robledo,193 N.C.App. 521, 524-25, 668 S.E.2d 91, 94 (2008).
"When the defendant does not have actual possession, but has the power and intent to control the use or disposition of the substance, he is said to have constructive possession." State v. Baldwin,161 N.C.App. 382, 391, 588 S.E.2d 497, 504-05 (2003). "[P]roof of constructive possession usually involves proof by circumstantial evidence." State v. Thorpe,326 N.C. 451, 455, 390 S.E.2d 311, 313 (1990) (internal marks omitted). As our Supreme Court has observed, "fingerprint[s] found in close juxtaposition with a substantial amount of [contraband] is ... evidence that [the] defendant possessed [it] [.]" State v. Williams,307 N.C. 452, 457, 298 S.E.2d 372, 376 (1983).
In the present case, we believe evidence presented by the State that Defendant constructively possessed the cocaine was substantial. His fingerprints were found on the fifteen individually packaged kilogram bricks of cocaine discovered outside the residence. Inside the residence, officers found a Mexican passport and a resident alien card bearing the image of a young Hispanic male which the State contends is that of Defendant. These documents found near the cocaine, along with Defendant's fingerprints on the packaging of the cocaine itself, permit the inference that Defendant had dominion over and the intent to control the cocaine despite the fact that it was not in his actual possession at the time the officers seized it. Viewing this evidence in the light most favorable to the State and drawing all reasonable inference arising from it in in the State's favor, as we are required to do, we hold that it was sufficient to support the trafficking charge.
Defendant cites State v. Minton,228 N.C. 518, 46 S.E.2d 296 (1948), and State v. Truesdale,34 N.C.App. 579, 239 S.E.2d 286 (1977), in support of his contention that his fingerprints on the cocaine alone are insufficient to support the trafficking charge. However, as previously noted, his fingerprints were not the only evidence that he constructively possessed the cocaine. Identifying documents bearing what the State contends is Defendant's image were found inside the residence where the cocaine was discovered, and the jury had an opportunity to review these documents.
Furthermore, we find Mintoneasily distinguishable. In Minton,unlike the present case, while the defendant's fingerprints were discovered at the scene of the crime, there was evidence that the defendant had been at that location earlier the same day "for the lawful object of buying beer." 228 N.C. at 519, 46 S.E.2d at 296. In addition, the defendant's fingerprints in Mintonwere not, as in the present case, introduced as evidence that the defendant committed a crime by possessing the thing on which the prints were discovered. See id.at 521, 46 S.E.2d at 298.
In Truesdale,the defendant's fingerprints were discovered on the packaging of heroin in the possession of a person with whom he lived and with whom he was alleged to be complicit in the possession of heroin with the intent to manufacture, sell, and deliver. 34 N.C.App. at 580-81, 239 S.E.2d at 287. We rejected the defendant's argument that additional incriminating circumstances other than the mere fact of his fingerprints on the contraband failed to support the charge, despite his testimony that while living with his accomplice "he often used aluminum foil to line the grill and wrap food [.]" Id.at 580, 239 S.E.2d at 287. We concluded that other evidence supported the charge, namely that the defendant was living with his accomplice at the time of the commission of the offense; that the defendant left the State once his accomplice was arrested; and that once apprehended in South Carolina, he presented false identification. Id.at 581, 239 S.E.2d at 288.
Defendant's argument is overruled.
B. Instructions
Defendant next argues that the trial court erred in denying his request for a special instruction on jurisdiction. Specifically, Defendant contends that the court erred in refusing to instruct the jury in accordance with N.C.P.I.-Crim. 311.10 where the evidence was allegedly insufficient that Defendant possessed the cocaine in North Carolinaor in any other particular location. We disagree.
Where the defendant challenges a court's jurisdiction on factual grounds, the State bears the burden to demonstrate "beyond a reasonable doubt that North Carolina has jurisdiction[.]" State v. Batdorf,293 N.C. 486, 494, 238 S.E.2d 497, 50203 (1977). However, where the factual basis for our courts' jurisdiction is in issue, a trial court must first determine whether there is sufficient evidence to create a jury question on jurisdiction. State v. White,134 N.C.App. 338, 340, 517 S.E.2d 664, 666 (1999). Therefore, where no such question exists, "a jury instruction regarding jurisdiction is not warranted." Id.Indeed, N.C.P.I.-Crim. 311.10, the special verdict form applicable in cases where a question for the jury on jurisdiction exists, specifically states that the instruction is to be given "onlywhen there is some evidence that the alleged offense may have been committed outside North Carolina[.]" (Emphasis in original.)
In the present case, counsel for Defendant offered the following argument in support of the requested special instruction on jurisdiction:
These things were found in a vehicle. There's no evidence how long the vehicle had been there. There's no evidence where the vehicle had come from. It's just as reasonable to assume that it had just come from South Carolina or Mexico or someplace as it having been there for a while.
However, counsel for Defendant presented no evidence in support of this argument. Accordingly, the court denied the motion. Specifically, the court explained its ruling as follows:
In this matter, the cocaine was located in Randolph County, North Carolina. There has been no affirmative showing to the contrary.... [T]here is no evidence to indicate that the defendant's possession, if the jury finds that he had possession, was anywhere other than North Carolina.
We agree with the trial court. Specifically, we do not agree with Defendant's contention that "[i]f challenged on factual grounds,-i.e., was the charged offense committed inNorth Carolina?-just as with any other fact that the State must prove beyond a reasonable doubt, the factual question is for the jury's resolution upon proper instruction." (Emphasis in original.) Rather, as previously stated, the preliminary determination of whether the defendant had adduced sufficient evidence to create a jury question on the factual basis for jurisdiction was a question for the court. See White,134 N.C.App. at 340, 517 S.E.2d at 666. In the present case, as in State v. Callahan,77 N.C.App. 164, 334 S.E.2d 424 (1985), where "the facts supporting [the] defendant's commission of the offenses were in dispute, [but] the fact upon which jurisdiction was based, i.e., the location where the offenses were committed [ ] was not," a special instruction on jurisdiction was not appropriate. Id.at 169, 334 S.E.2d at 428.
Defendant cites our Supreme Court's decision in State v. Ricks,342 N.C. 91, 463 S.E.2d 182 (1995), in support of this argument. However, Rickssimply confirms that the preliminary determination of whether a factual question exists for the jury to resolve is one for the court, and the court must instruct the jury on jurisdiction only if it resolves in the affirmative that there is a factual basis for the jurisdictional challenge. See id.at 100-01, 463 S.E.2d at 187. Likewise, Defendant's citation to our Court's decision in State v. Bright,131 N.C.App. 57, 505 S.E.2d 317 (1998), is also unavailing. In Bright,there was evidence that the crime was committed in a different state. Id.at 62, 505 S.E.2d at 320. Therefore, an instruction on jurisdiction was appropriate. See id.In the present case, there was no such evidence. Therefore, the trial court did not err in refusing to give the instruction. Accordingly, this argument is overruled.
C. Evidence of Other Crimes
Defendant next argues that the trial court erred in allowing the introduction of evidence that he was arrested for possessing a large quantity of marijuana that was located in a vehicle he was driving approximately six months after the discovery of the cocaine for which Defendant was convicted of trafficking in by possession. The State argues-and the trial court ruled-that the evidence of the arrest was admissible to show Defendant's identity and guilty knowledge, purposes permitted under Rule 404(b) of the North Carolina Rules of Evidence. Defendant argues on appeal that the evidence was not competent for any purpose allowed under Rule 404(b) and that its introduction constituted prejudicial error.
Assuming, arguendo,that the trial court erred in allowing evidence of Defendant's arrest for possessing the marijuana, we do not believe that the error was prejudicial given the other evidence offered at trial. Specifically, the evidence showed that 12 latent fingerprints were found on the bricks of cocaine matching that of Defendant, and that a Mexican passport and a resident identification card bearing the image of a young Hispanic male the State contended was Defendant, as well as other forms of identification, were found inside the house adjacent to the area where the vehicle with the cocaine was found. Finally, the trial court gave the jury a limiting instruction that it could not consider the evidence for any of the reasons prohibited by the Rules of Evidence, such as to show Defendant's bad character. Accordingly, this argument is overruled.
III. Conclusion
We believe Defendant received a fair trial, free from prejudicial error. Accordingly, we uphold the challenged conviction.
NO ERROR.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by Defendant from judgment entered 8 May 2014 by Judge David L. Hall in Randolph County Superior Court. Heard in the Court of Appeals 5 March 2015.